**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 1:20-cv-24500-DPG**

ALL X-RAY DIAGNOSTIC SERVICES,
CORP., as assignee, on behalf of itself and all
others similarly situated,

      Plaintiff,

v.

GEICO INDEMNITY COMPANY,

      Defendant.

_____/

**DEFENDANT GEICO INDEMNITY COMPANY'S MOTION**
**AND SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S COMPLAINT**

Defendant, GEICO Indemnity Company ("GEICO Indemnity"), moves to dismiss Plaintiff, All X-Ray Diagnostic Services, Corp.'s, Complaint (Dkt. 1-2) (the "Complaint") for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and lack of standing.

The grounds and authority for this motion are set forth in the following memorandum. The memorandum is incorporated as part of this motion.

## MEMORANDUM

GEICO Indemnity respectfully submits the following memorandum in support of its motion to dismiss.

## SUMMARY

Plaintiff's Complaint shows on its face that the true nature of the relief sought in this case is Personal Injury Protection ("PIP") coverage/benefits (money damages) arising from GEICO Indemnity's alleged failure to properly pay the benefits due under the governing insurance policy. Moreover, Plaintiff's purported claims in this case are all based on past conduct – the manner in which GEICO Indemnity *already* adjusted and issued a payment on Plaintiff's PIP claim relating to medical services rendered to Luis Pino (the "Insured").[1]

Plaintiff's Complaint therefore fails to state a claim upon which relief can be granted, and should be dismissed, because:[2]

---

[1] GEICO Indemnity reserves its right to assert arguments as to the merits of Plaintiff's purported claims regarding the proper manner in which it adjusted Plaintiff's insurance claim (and whether PIP benefits remain or are exhausted) under the governing insurance policy at the appropriate stage in this case should any of Plaintiff's claims survive dismissal.

[2] Plaintiff may argue that this case should be remanded, rather than dismissed, given the Eleventh Circuit's recent decision in *A&M Gerber Chiropractic, LLC v. GEICO General Insurance Co.*, 925 F.3d 1205 (11th Cir. 2019) ("*Gerber*"). However, *Gerber* involved a sole declaratory relief claim that was removed to federal court, and arose from alleged unpaid PIP benefits where the insured had already received more PIP benefits that he was entitled to receive. *Id.* at 1207–16. *Gerber* therefore determined that there was no substantial likelihood of future injury to the insured,

1.       *Plaintiff seeks PIP coverage/benefits and did not submit the required pre-suit demand.*  Plaintiff states that it asserts "claims for declaratory actions [which] are not subject to the pre-suit demand letter," as this case is not an "action for benefits."  Dkt. 1-2, at ¶ 51.  Based upon this isolated and conclusory statement, Plaintiff claims that it (and the Proposed Class members) were not required to submit a pre-suit demand letter pursuant to Section 627.736(10), Florida Statutes.

The allegations in the Complaint itself contradict this conclusory statement, and show that Plaintiff actually seeks additional PIP coverage/benefits (*i.e.*, monetary damages). *See* Dkt. 1-2, at ¶¶ 9, 22, 27, 31, 48. The allegations in Plaintiff's injunctive relief claim likewise show that that the true relief requested is the allegedly unpaid "*monies* due and owing to Plaintiff and Class members[.]"  Dkt. 1-2, at ¶ 56 (emphasis added); *see also* Dkt. 1-2, at ¶¶ 57–58, 61. A statutory pre-suit demand letter was therefore required as a condition precedent to filing the Complaint.

2.       *Plaintiff's injunctive relief claim fails because there is no substantial likelihood of future harm.*  Count II seeks injunctive relief requiring GEICO Indemnity to cease and desist from "*continuing* to violate Florida Statute Sec. 627.736(5)(a)(2) by unlawfully reducing payment of valid bills for medical and diagnostic services." Dkt. 1-2, at ¶ 58 (emphasis added). However, Plaintiff's purported injunctive relief claim arises from the manner in which GEICO Indemnity has already adjusted and paid the PIP claim for past medical services provided to the Insured. A litigant seeking injunctive relief must sufficiently allege and ultimately prove a real and immediate

---

and remanded the case to state court for lack of standing. *Id.* at 1212–16. Significantly, *Gerber* did not address whether the declaratory judgment claim was really a claim for damages. *See generally id. Gerber* assumed that the claim was for "declaratory relief without a claim for money damages" in concluding that the action should be remanded. *See id.* at 1214–16. However, Plaintiff in this case has brought more than one claim, and its proposed individual and class claims for declaratory relief are clearly claims for alleged unpaid PIP benefits (damages) given the various references to coverage and benefits throughout the Complaint.  *See generally* Dkt. 1-2.

threat of future injury. And the proper inquiry is whether there is a sufficient and substantial likelihood of future injury to the *Insured*, as the Plaintiff's assignor, and not the Plaintiff itself nor other members of a proposed class. Plaintiff has not sufficiently pled, and cannot otherwise show, a real and immediate threat of future injury in this case.

3. *Plaintiff's injunctive relief claim fails because Plaintiff has an adequate legal remedy.* Plaintiff's purported injunctive relief claim further fails because Plaintiff has an adequate legal remedy. A breach of contract claim (which Plaintiff essentially seeks in Count I) is available to Plaintiff to recover the alleged unpaid PIP coverage (money damages) at issue in this case.

4. *Plaintiff improperly seeks to violate the rule against claims splitting.* Plaintiff seeks to pursue piecemeal litigation. Plaintiff may attempt to stipulate that it is not seeking to recover PIP coverage/benefits for itself or members of the Proposed Class and only seeks equitable relief to address an isolated issue – the alleged underpayment of PIP benefits. However, all issues (and defenses) regarding the handling of the charges, bills, and claims are required to be considered for *each PIP claim* in a single action. Plaintiff therefore seeks to violate the PIP Statute and the claims-splitting rule to the extent that Plaintiff attempts to stipulate that it is not seeking coverage – and thereby not addressing all issues – in this case.

## BACKGROUND

On September 18, 2020, Plaintiff filed this case against GEICO Indemnity in Florida Circuit Court (the "Complaint"). *See generally* Dkt. 1-2. On November 2, 2020, GEICO Indemnity removed this case to this Court pursuant to the Class Action Fairness Act. *See generally* Dkt. 1.

Plaintiff's Complaint alleges that GEICO Indemnity engaged in an improper practice of failing to utilize the highest applicable Medicare Part B payment schedule, which purportedly violates Florida Statute Section 627.736(5)(a)(2), when paying PIP claims. Dkt. 1-2, at ¶ 10.

Plaintiff purportedly asserts its claims via an Assignment of Benefits allegedly executed by the Insured who was allegedly involved in a car accident in 2020.[3] Dkt. 1-2, at ¶¶ 2, 11, 15. The Insured purportedly sustained bodily injuries as a result of the accident, and Plaintiff submitted a PIP claim under the insurance policy that GEICO Indemnity issued to the Insured. Dkt. 1-2, at ¶¶ 11–15, 17.[4]

Plaintiff alleges that GEICO Indemnity improperly reduced its payments of Plaintiff's medical charges arising from the subject PIP claim. *See* Dkt. 1-2, at ¶¶ 20–21. Specifically, Plaintiff alleges that GEICO Indemnity "failed to use the 2007 Medicare Part B OPPS payment schedule to determine the allowed amounts, which in this case would have been the highest applicable Medicare Part B schedule in accordance with Florida Statute Sec. 627.736(5)(a)(2)." Dkt. 1-2, at ¶ 21. According to Plaintiff, Section 627.736(5) allegedly "requires the insurer to compare the amount allowed by the Medicare Part B participating physician's fee schedule for the year of the date of service to all of the 2007 Medicare Part B payment schedules – participating, limiting, and OPPS – and apply the highest one to a claim for PIP benefits." Dkt. 1-2, at ¶ 26. GEICO Indemnity's so-called failure to properly pay Plaintiff's claims allegedly violates Section 627.736(5)(a)(2). Dkt. 1-2, at ¶ 21.

Plaintiff alleges that the crux of this case is a dispute over payments that GEICO Indemnity is purportedly obligated to pay on PIP claims. Dkt. 1-2, at ¶¶ 5, 9, 21. Plaintiff also alleges GEICO Indemnity issued similar policies to "thousands of other Florida residents and has consistently paid improperly reduced amounts to Plaintiff and members of the Class[.]" Dkt. 1-2, at ¶ 22.

---

[3] GEICO Indemnity reserves its rights to dispute the validity of the purported Assignment of Benefits and whether it provides Plaintiff with standing to assert the relief sought in the Complaint.
[4] Plaintiff also contends that the Insured assigned his "rights and benefits" of an automobile insurance policy to Plaintiff.  Dkt. 1-2, at ¶ 3.

Plaintiff asserts two Counts in the Complaint arising from these allegations against GEICO Indemnity—a purported claim for declaratory relief under Count I, and a claim for injunctive relief under Count II.[5] Plaintiff asserts these two counts on behalf of itself and the following proposed class:

> All Florida healthcare providers who (a) are/were the assigns or assignees of covered insureds under an automobile insurance policy issued by GEICO as described in Fla. Stat. Sec. 627.736(1)(a); and (b) who at any time during the Class Period submitted bills to GEICO for payment of PIP benefits for medical and/or diagnostic services; and (c) GEICO failed to utilize the highest applicable Medicare Part B payment schedule thereby leaving amounts due and owing pursuant to Florida Statute Sec. 627.736(5)(a)(2.)

Dkt. 1-2, at ¶ 28 (the "Proposed Class").[6]

Plaintiff seeks to have the Proposed Class certified under Florida Rules of Civil Procedure 1.220(b)(1)(A), (b)(2) and/or (b)(3). *See* Dkt. 1-2, p. 19(a), "Prayer for Relief." The alleged class period is September 18, 2015 to the present. Dkt. 1-2, at ¶ 28 (the "Proposed Class Period").

Count I seeks a declaration that GEICO Indemnity's alleged improper reduction of its payments on PIP claims fails to provide Plaintiff and members of the Proposed Class with the full benefit of the contractual coverage promised by GEICO Indemnity. Dkt. 1-2, at ¶ 48. Count I further alleges that GEICO Indemnity's reduced payments have "adversely affected both Plaintiff's and other class insureds['] rights to *coverage* under the no-fault provisions of the Policy." Dkt. 1-2, at ¶ 48 (emphasis added).

---

[5] Plaintiff further seeks to recover attorneys' fees and costs pursuant to Section 627.428, Florida Statutes. Dkt. 1-2, at ¶¶ 52, 65.

[6] GEICO Indemnity denies that the Proposed Class is properly defined and that this case is proper for class treatment under the Florida or Federal Rules of Civil Procedure and governing authority. GEICO Indemnity reserves the right to challenge the sufficiency of Plaintiff's class allegations, as well as the class treatment of this case, at the appropriate stage.

Count II seeks injunctive relief requiring GEICO Indemnity to cease and desist from "continuing to violate Florida Statute Sec. 627.736(5)(a)(2) by unlawfully reducing payment of valid bills for medical and diagnostic services." Dkt. 1-2, at ¶ 58. Plaintiff further alleges that GEICO retained "*monies due and owing* to Plaintiff and Class members[.]" Dkt. 1-2, at ¶ 56 (emphasis added). Plaintiff additionally alleges that GEICO Indemnity "is preventing, delaying and hindering its insureds' abilities to receive insurance *coverage* to which they are entitled, and this will lead to incalculable or unascertainable losses to third parties." Dkt. 1-2, at ¶ 57(c) (emphasis added).

Plaintiff makes <u>28</u> references to PIP benefits or coverage in the Complaint, relies on an Assignment of *Benefits* to assert this case, defines membership in the Proposed Class by who submitted bills "for payment of PIP *benefits*," and makes several allegations as to GEICO Indemnity's purported breach of the governing insurance policy contract. *See* Dkt. 1-2, at ¶¶ 2–4, 10, 12, 15–18, 22, 26, 28, 31, 33, 41–42, 48, 56, 57(c), 61. Accordingly, there can be no real dispute or doubt that this case is indeed about the payment of allegedly owed PIP coverage/benefits despite Plaintiff's attempt to avoid expressly asserting a breach of contract claim in the Complaint, and making the isolated statement that this is "not an 'action for benefits[.]'" *See generally* Dkt. 1-2.

## <u>ARGUMENT</u>

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555.

"However, a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for [the plaintiff]." *Peterson v. Atlanta Hous.*

6

*Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). A complaint must also contain enough facts to indicate the presence of the required elements. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). And "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

## I. Plaintiff's Claims Seek PIP Coverage/Benefits and Plaintiff Did Not Submit the Required Pre-Suit Demand.

Plaintiff states that it asserts "claims for declaratory actions [which] are not subject to the pre-suit demand letter"[7] and this case is not an "action for benefits". Dkt. 1-2, at ¶ 51. Based upon this general, isolated, and self-serving statement, Plaintiff claims that it was not required to submit a pre-suit demand letter to GEICO Indemnity pursuant to Section 627.736(10), Florida Statutes.

However, the PIP Statute does not exempt declaratory or injunctive relief claims from the pre-suit demand requirement when they focus on issues of entitlement to PIP benefits.[8] The courts in *Shenandoah*, *MRI Assocs. of St. Pete*, *Pan Am Diagnostic*, and *Progressive Health Servs.*

---

[7] The Complaint is consistent with this general statement in that it lacks any allegation that Plaintiff (or members of the Proposed Class) submitted the requisite statutory pre-suit-demand letter under Section 627.736(10). Moreover, the PIP Statute does not include an exception to the statutory demand requirement for members of a Proposed Class. In fact, compliance with the demand letter requirement is required by all proposed class members in a PIP class action. *Ocean Harbor Cas. Ins. Co. v. MSPA Claims, 1*, 261 So. 3d 637, 648 (Fla 3d DCA 2018); *see also DWFII Corp.*, 271 F.R.D. 676, 685 (S.D. Fla. 2010) *aff'd*, 469 F. App'x 762 (11th Cir. 2012); *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp. 2d 1205, 1207–08 (M.D. Fla. 2010); *Shenandoah Chiro., P.A. v. Nat'l Spec. Ins. Co.*, 526 F. Supp. 2d 1283, 1290 (S.D. Fla. 2007); *Progressive Health Servs., Inc. v. Sec. Nat'l Ins. Co.*, 22 Fla. L. Weekly Supp. 816a (Fla. 11th Jud'l Cir. Sept. 17, 2013). Section 627.736(10) imposes specific requirements for a valid pre-suit demand letter, and compliance with the statutory requirements is individually assessed per claim.

[8] *See, e.g., Ocean Harbor Cas. Ins. Co.*, 261 So. 3d at 648; *Bristol West Ins. Co. v. MD Readers, Inc.*, 52 So. 3d 48, 51 (Fla. 4th DCA 2020); *DWFII Corp.*, 271 F.R.D. at 685 (S.D. Fla. 2010); *MRI Assocs. of St. Pete, Inc.*, 755 F. Supp. 2d at 1207–08; *Shenandoah Chir., P.A.*, 526 F. Supp. 2d at 1290; *Pan Am Diagnostic Servs., Inc. v. Equity Ins. Co.*, 22 Fla. L. Weekly Supp. 814a (Fla. 11th Jud'l Cir. Dec. 11, 2014); *Progressive Health Servs., Inc.*, 22 Fla. L. Weekly Supp. 816a.

dismissed equitable relief claims because the medical provider could not allege that proposed class members had complied with the statutory demand letter requirement.

Plaintiff will undoubtedly attempt to rely upon *Bristol West Insurance Co.* to dispute that Count I of the Complaint is a disguised breach of contract claim subject to the statutory pre-suit demand requirements in Section 627.736(10). However, *Bristol West* confirms that the demand letter requirement applies to declaratory or injunctive relief actions if PIP benefits are at issue – as they are in this case. *See Bristol West Ins. Co.*, 52 So. 3d at 51. The *Bristol West* court considered whether the plaintiff lacked standing because it failed to send a statutory pre-suit demand letter. *Id.* at 50–51. The *Bristol West* court concluded that "because [the plaintiff] did not seek any monetary relief, [its] claim is not an action for benefits and thus the statutory notice is not required." *Id*.

However, the *Bristol West* court specifically held that a statutory demand letter was not required for the declaratory relief claim in that case, because there was no claim for monetary damages and, more importantly, a claim for monetary damages *was not even possible*. *Id.* at 49. As the *Bristol West* court observed, "not one member of the class [could] collect based upon that declaration." *Id.* at 52 (Warner, J., concurring).

The *Bristol West* court made this finding because the applicable statute of limitations had expired on the individual PIP claims at issue in that case. *Id.* at 49–52. The individual claims were therefore wholly uncollectable in a post-declaratory relief context. *Id.* Significantly, the *Bristol West* court further emphasized that its ruling that plaintiff's declaratory judgment claim was not a claim for money damages was also based on plaintiff's repeated "representations" in open court that "no damages whatsoever will be sought in this action." *Id.* at 51.

The Honorable Beth J. Bloom of this Court critically addressed *Bristol West* in *Virga v. Progressive American Insurance Co.,* 215 F. Supp. 3d 1320, 1323 (S.D. Fla. 2016). *Virga* addressed whether a plaintiff-provider's declaratory judgment class claim could be dismissed as a claim for "money damages," based upon failure to meet the statutory pre-suit demand requirement, and expressed skepticism with plaintiff's contention that it was not a claim for money. *Id.* (explaining that "the Court is skeptical" where the plaintiff-provider "insists that the claim 'merely seek[s] declaratory relief and seeks no money damages," and only an "an order 'declaring that Class Members are entitled to an adjustment and order[ing] Defendant to adjust their claims'").[9]

Other federal courts have similarly recognized the absurdity of failing to acknowledge that other similar purported declaratory judgment claims are truly claims for money damages or PIP benefits.[10] The Eleventh Circuit has likewise recognized that similar purported declaratory judgment claims are truly requests for money damages in their predominant nature, because "the assumption that class members armed with a declaratory judgment would not later seek out the

---

[9] The *Virga* court ultimately declined to rule on whether the declaratory judgment claim could be dismissed under 672.736(10) as a claim for money damages in which plaintiff did not satisfy the notice requirement. However, the skepticism expressed in that decision (and in other federal court decisions) applies to the circumstances at issue in this case, particularly where Plaintiff has made only a single, isolated, and wholly unsupported assertion that it does not seek any money benefits.

[10] *See, e.g., S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317–18 n. 3 (11th Cir. 2014) (disagreeing with plaintiff-provider's contention that its class claim for declaratory judgment did "not stand to gain anything of monetary value," because the requested "declaratory judgment would establish that [the PIP insurer] provided members of the putative class with insufficient payment on bills that have already been incurred, and it would give those class members a right to receive additional payment"); *Revival Chiropractic, LLC v. Allstate Ins. Co.*, No. 6:19-cv-445-Orl-40LRH, 2020 WL 6276023 (M.D. Fla. Sept. 30, 2020) (finding that in a putative class action against PIP insurers, Plaintiff's claim for declaratory judgment that the insurers violated § 627.736(5)(a) was really a request for "money damages," and agreeing further with the PIP insurers that plaintiff's requested "declaration that money is owed is a Trojan horse with money damages inside").

additional payment they are owed . . . is contrary to human nature and the nature of lawyers." *See S. Fla. Wellness*, 745 F.3d at 1316.

This case therefore does *not* involve the same circumstances as those at issue in *Bristol West*. The allegations in Plaintiff's own Complaint directly contradict Plaintiff's conclusory, single, and isolated statement that this case is not an "action for benefits." Dkt. 1-2, at ¶ 51. Rather, the allegations as a whole in the Complaint make it clear that the true nature of the relief requested in Count I,[11] which Plaintiff purports to call a "declaratory relief" claim – is additional PIP coverage/benefits.[12]

Moreover, members of the Proposed Class in this case can[13] seek monetary damages should the Court find that the declaratory relief claim simply seeks a declaration (and Plaintiff prevails), unlike the claims and circumstances in *Bristol West*. So this case does not fall within the parameters of *Bristol West* given that it is certainly possible for Plaintiff (and members of the Proposed Class) to recover monetary damages should they prevail on the declaratory relief claim.

---

[11] Count II similarly makes it clear that Plaintiff seeks to recover unpaid "*monies* due and owing to Plaintiff and Class members for medical services *[already] provided* by Plaintiff and Class members which *should have been paid* by [GEICO] from its insureds' Personal Injury Protection benefits." Dkt. 1-2, at ¶ 56 (emphasis added).

[12]  To the extent that this Court determines Count I does not seek PIP coverage (benefits in the form of monetary damages), it fails to state a claim (and Plaintiff lacks standing) due to an inadequate showing of a substantial likelihood of future harm.  Count I seeks a declaration that GEICO Indemnity's alleged improper reduction of its payments on PIP claims *failed* to purportedly provide the full benefit of the contractual coverage. Dkt. 1-2, at ¶ 48. As the purported assignee of the Insured, Plaintiff's attempted declaratory relief claim therefore arises from the manner in which GEICO Indemnity *previously* adjusted the PIP claim for *past* medical services rendered to the Insured. This claim therefore fails due to an insufficient showing of a real and immediate threat of future injury and Plaintiff cannot establish standing.

[13] The Proposed Class Period is September 18, 2015 to the present. The applicable Statute of Limitations is set forth in Section 95.11, Florida Statutes, which therefore establishes a five-year limitations period for breach of contract claims. Accordingly, the Proposed Class encompasses PIP claims where the Statute of Limitations remains unexpired and subsequent contract claims could arguably be filed on those claims.

And there is also no doubt that Plaintiff (and members of the Proposed Class) would seek to utilize any declaration obtained in this case in future contract actions. Notably, *Bristol West* held that "MD Readers has denied any right in this action, *including supplementary relief*, to seek damages[.]" 52 So. 3d at 51 (emphasis added). In contrast, and unlike *Bristol West*, the Complaint in this case includes a general catch-all requesting "[s]uch other relief as the Court deems fair and reasonable." Dkt. 1-2, at p. 19, Sect. h, "Prayer for Relief." And the Complaint in this case is asserted under the Florida Declaratory Judgment Act, which specifically allows a party to seek damages as supplemental relief. *See* Fla. Stat. §§ 86.061, 86.011(2).

This requested relief is yet another way this case is materially distinguishable from the circumstances that were considered by the *Bristol West* court – Plaintiff's Complaint has not disclaimed damages. In fact, this case involves the exact scenario envisioned by the Middle District of Florida in *Revival Chiropractic* when describing how a requested "declaration that money is owed is a Trojan horse with money damages inside." 2020 WL 6276023 at *1–4.

This case involves neither the impossibility of subsequent damages claims nor Plaintiff disclaiming any intent to subsequently pursue monetary damages. *See generally* Dkt. 1-2. And there can be no doubt that this case seeks to obtain additional PIP coverage/benefits. Plaintiff (and members of the Proposed Class) were therefore required to have submitted a statutory demand letter to GEICO Indemnity as a condition precedent to filing the Complaint. *See generally* Dkt. 1-2. Plaintiff (and members of the Proposed Class) failed to submit a Pre-Suit Demand. Count I should therefore be dismissed.

## II.     Plaintiff's Injunctive Relief Claim Fails Because It Does Not Sufficiently Allege a Substantial Likelihood of Future Harm.

Count II purportedly seeks injunctive relief requiring GEICO Indemnity to cease and desist from "*continuing* to violate Florida Statute Sec. 627.736(5)(a)(2) by unlawfully reducing payment

11

of valid bills for medical and diagnostic services." Dkt. 1-2, at ¶ 58 (emphasis added).  However,
Plaintiff's purported injunctive relief claim arises from the manner in which GEICO Indemnity
has already adjusted and paid the PIP claim for *past* medical services "provided" to the Insured.
*See* Dkt. 1-2, at ¶ 58.  This alleged conduct therefore fails to meet the requirement that a litigant
seeking injunctive relief must sufficiently allege and ultimately prove a real and immediate threat
of future injury.

      "In order to demonstrate that a case or controversy exists to meet the Article III standing
requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts
from which it appears that there is a substantial likelihood that he will suffer injury in the future."
*Malowney v. Fed. Collection Dep. Group*, 193 F.3d 1342, 1346 (11th Cir. 1999). The Eleventh
Circuit recently explained the requirement of focusing on *future* injury to support an injunctive
relief claim, in reversing class certification of a PIP billing class action asserted by medical
providers. *AA Suncoast Chiro. Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F. 3d 1170, 1175 (11th
Cir. 2019).

      In *AA Suncoast Chiropractic Clinic, P.A.*, the medical providers were operating under
assignments from insureds and sought class-wide damages and declaratory/injunctive relief for
purported billing underpayments by an insurance carrier. *Id*. The Eleventh Circuit held that the
requests for equitable relief were improperly based on allegations of the insurer's failure to pay
past bills:

> Simply put, the denial of insurance coverage in this case – whether framed as lost
> money, or as a lost opportunity to get money – is a retrospective harm. Suncoast
> counters that Progressive continues to refuse to provide further claims-handling
> based on its unlawful EMC practices, so Plaintiffs plainly have a forward-looking
> interest in an injunction requiring Progressive to resume claims handling. What
> Suncoast is not saying in that statement is that it has an interest in the proper
> handling of future claims. Instead, it has an ongoing interest in getting paid for past
> claims that have been rejected. *But a "forward-looking interest" in redressing a*

> *past harm – the failure to pay all benefits allegedly owed for past claims that were already denied – is not the same thing as a future injury. And without any threat of future injury, injunctive relief is unavailable.*

*AA Suncoast Chiropractic Clinic, P.A.*, 93 F. 3d at 1176 (citations omitted) (emphasis added). An injunction claim must therefore focus on potential future injury, not retrospective injury. [14]

The Eleventh Circuit has recently further clarified that the proper inquiry is whether there is a sufficient and substantial likelihood of future injury to the *Insured* (as the Plaintiff's assignor) – not the potential future injury to Plaintiff or members of the Proposed Class. *Gerber*, 925 F.3d at 1211 (holding that "[i]n this case, [the assignee plaintiff-provider], stands in [the assignor insured's] shoes. It necessarily follows, then, that if [the assignor insured] had no standing to file this case against GEICO, [the assignee plaintiff-provider] has no standing either"). The Eleventh Circuit held that if the Insured (assignor) does not have the requisite, substantial threat of future injury, then the Plaintiff (assignee) does not either, given that it is acting under a purported assignment of benefits from (and standing in the shoes of) the Insured. *Id.*

Plaintiff has not sufficiently pled a substantial likelihood of a real and immediate threat of future injury to the Insured. Plaintiff attempts to allege three types of purported "future" irreparable injury under its claim for injunctive relief—specifically, that without the requested injunctive relief prohibiting GEICO Indemnity from improperly limiting PIP payments: (1) Plaintiff and the Proposed Class would have to address GEICO Indemnity's acts "with a multiplicity of lawsuits in various different county courts . . . with the risk of suffering inconsistent and varying results," Dkt. 1-2, at ¶ 57(a); (2) it would "lead to incalculable or unascertainable losses to third parties," Dkt.

---

[14] *See also, e.g., Gerber*, 925 F. 3d at 1211; *Revival Chiro., LLC*, 2020 WL 6276023, at *4; *Randy Rosenberg, D.C. v. GEICO Indemnity Co.*, No. 19-cv-61421, 2019 WL 3817458, at *3 (S.D. Fla. Aug. 14, 2019).

1-2, at ¶ 57(c); and (3) it would put "PIP insureds at risk that health care providers will refuse to treat and/or diagnose their health condition." Dkt. 1-2, at ¶ 57(d).

But with respect to whether Plaintiff individually has standing as the purported *assignee of the Insured*, Plaintiff has not sufficiently alleged a substantial likelihood of future injury *to the Insured*.  First, there is no substantial likelihood that the Insured would be subject to a "multiplicity of lawsuits in various different county courts . . . with the risk suffering inconsistent and varying results."  This case specifically concerns the Insured and the Insured's own PIP benefits arising from medical treatment at issue that has already been provided.  It is therefore unlikely that the Insured would be subject to a "multiplicity of lawsuits in various different county courts . . . with the risk of suffering inconsistent and varying results."

Moreover, to the extent that Plaintiff is attempting to allege that this future injury will still be suffered by the *Proposed Class*, this does not save Plaintiff in meeting the injury-in-fact requirement.  "[T]he proper inquiry in this case must focus on the potential future injury to [the plaintiff-provider's assignor, *the insured*], *not* to [the plaintiff-provider itself], *or other members of the class*."  *Gerber*, 925 F.3d at 1215 (emphasis added).

Second, Plaintiff's alleged future losses to "third parties," is similarly insufficient, because it is the substantial likelihood of future injury to the *Insured*, as Plaintiff's purported assignor, that counts.  *See id.*  Unidentified and nameless "third parties" that may suffer unidentified and "incalculable or unascertainable losses" are not a relevant consideration in this equation.

Finally, Plaintiff's alleged future injury that GEICO Indemnity's PIP insureds "risk that health care providers will refuse to . . . treat and/or diagnose their health condition," is simply too contingent to constitute a "substantial likelihood" of future injury necessary to meet the requirement.  This alleged future injury is necessarily based on the "possibility that [the insured]

may someday be in another car accident; sustain an injury entitling him to PIP benefits; and still be insured by GEICO under the same or a similar policy being interpreted the same way, thereby having this issue present itself again." *Id.* As the Eleventh Circuit recognized in *Gerber*, this exact type of possibility – that would need to occur for Plaintiff's alleged future injury in this case to actually happen – is merely conjectural, hypothetical, and contingent. *See id.*

Plaintiff ultimately confuses the issues of whether Plaintiff has sufficiently alleged a substantial likelihood of future injury in its *individual standing* as the insured's assignee versus whether Plaintiff has sufficiently alleged a substantial likelihood of future injury in its *proposed class representative standing*. Simply put, because Plaintiff lacks standing to pursue the injunctive relief claim as the purported assignee of the Insured, Plaintiff similarly and consequently lacks standing to assert this purported claim on behalf of the Proposed Class.[15] Count II of the Complaint should therefore be dismissed.

### III.    The Injunctive Relief Claim Fails Because an Adequate Remedy at Law Exists.

Plaintiff's purported injunctive relief claim further fails because Plaintiff has an adequate legal remedy. A breach of contract claim (which Plaintiff essentially seeks in Count I) is available to Plaintiff and will adequately vindicate Plaintiff's rights to recover the alleged unpaid PIP coverage (money damages) at issue in this case.

"It is well-settled that 'equitable relief is available <u>only in the absence of an adequate remedy at law</u>.'" *Central Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto.*

---

[15] *See, e.g.*, *Jones v. TT of Longwood, Inc.*, No. 6:06-cv-651-Orl-19DAB, 2007 WL 2298020 at *8 (M.D. Fla. Aug. 7, 2007) ("No class action may proceed unless there is a named plaintiff with standing to represent the class. '[I]f none of the named plaintiffs purporting to represent a class establishes a requisite of a case of controversy with the defendants, none may seek relief on behalf of himself or any other members of the class.'") (citing *Graham v. State Farm & Fire & Cas. Co.*, 813, So. 2d 273, 274 (Fla. 5th DCA 2002) and *O'Shea v. Littleton*, 414 U.S. 488, 494 (1974)).

*Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011) (quoting *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 F. App'x. 502, 503 (11th Cir. 2007) (citations omitted)) (emphasis added). "'In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.'" *Id.* (quoting *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)). "'The critical question is whether there <u>exists</u> an adequate remedy at law, <u>not</u> whether the moving party <u>prefers</u> one remedy to another.'" *Id.* (quoting *SME Racks, Inc.*, 243 F. App'x. at 503–04 (emphasis added)).

Plaintiff makes a conclusory statement in the Complaint that it lacks an adequate remedy at law. However, that general allegation is contradicted by the actual relief sought in the Complaint—monetary damages. Plaintiff's allegations throughout the Complaint make clear that it seeks monetary damages in the form of alleged, unpaid PIP benefits "based upon [GEICO Indemnity]'s breach of its insurance policy by failure to pay the proper amount of reimbursements to the Plaintiff and members of the Class for certain medical services provided to [GEICO Indemnity]'s insureds."  *See* Dkt. 1-2, at ¶ 9 ("Nature of the Action"); *see also* Dkt. 1-2, at ¶¶ 3, 32(a).

For example, Count II alleges that it seeks injunctive relief requiring GEICO Indemnity to cease and desist from "continuing to violate Florida Statute Sec. 627.736(5)(a)(2) by unlawfully reducing *payment of valid bills* for medical and diagnostic services." *See* Dkt. 1-2, at ¶ 58 (emphasis added). Count II further asserts that GEICO Indemnity "continues to retain *monies* due and owing to Plaintiff and Class member[s] for medical services provided by Plaintiff and Class members *which should have been paid* by Defendant from its insureds' Personal Injury Protection benefits."  Dkt. 1-2, at ¶ 56 (emphasis added).

Moreover, Count II alleges several examples of the purported injury in the form of unpaid PIP benefits caused by GEICO Indemnity's alleged conduct. For example, Plaintiff alleges that GEICO Indemnity "is preventing, delaying and hindering its insureds' abilities to receive insurance *coverage* to which they are entitled, and this will lead to incalculable or unascertainable losses to third parties." *See* Dkt. 1-2, at ¶ 57(c) (emphasis added). Additionally, in Plaintiff's "Prayer for Relief" concerning its request for an injunction, Plaintiff again makes clear that the purpose for such relief stems from GEICO's alleged, "unlawful *reduction of valid bills*." *See* Dkt.1-2, at p. 19, Sec. f, "Prayer for Relief" (emphasis added).

All of these allegations – along with the fact that Plaintiff seeks class certification under Rule 23(b)(3) – make it clear that not only does an adequate remedy at law exists in the form of a breach of contract claim, the Complaint essentially seeks this remedy in Count I. Plaintiff's claim for injunctive relief entirely arises from GEICO's alleged, wrongful conduct in purportedly *breaching* the governing policy and PIP Statute by *underpaying* Plaintiff's PIP claim for services already rendered.

Plaintiff's alleged injury resulting from such conduct are the benefits allegedly owed to Plaintiff. This is the exact type of relief (monetary damages) that a litigant may seek to recover *after* complying with the statutory pre-suit demand requirements that the Florida Legislature designed and established in Section 627.736, Florida Statutes. Plaintiff therefore has an adequate legal remedy in the form of money damages through a breach contract claim arising from the governing insurance policy and PIP statute, but only after satisfying the condition precedent of serving a statutory pre-suit demand pursuant to Section 627.736.

Simply put, this case presents the classic example of a situation where the litigant has the ability to seek monetary damages for the alleged conduct at issue.[16]  Plaintiff may not ignore that a legal remedy exists – particularly when its own Complaint includes a disguised breach of contract claim for PIP coverage – simply because it prefers to pursue injunctive relief. *Id.* (quoting *SME Racks, Inc.*, 243 F. App'x. at 503–04 (emphasis added)) (holding that "'[t]he critical question is whether there <u>exists</u> an adequate remedy at law, <u>not</u> whether the moving party <u>prefers</u> one remedy to another.'").

### IV.    Plaintiff Attempts to Violate the Bar Against Claim-Splitting.

Plaintiff may attempt to stipulate that it is not seeking to recover PIP coverage/benefits in the form of monetary damages for itself or members of the Proposed Class. However, the PIP Statute and the well-established rule against claims-splitting require that all damages sustained as a result of a single wrongful act be asserted in one action. *See* Fla. Stat. § 627.736(15) (requiring that a PIP plaintiff generally must bring "all claims related to the same health care provider for the same injured person in one action[.]"); *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 843 (11th Cir. 2017); *Aquatherm Indus., Inc. v. Fla. Power & Light Co.*, 84 F.3d 1388, 1395 (11th Cir. 1996); *Kelecseny v. Chevron, U.S.A., Inc.*, 262 F.R.D. 660, 673 (S.D. Fla. 2009) (finding that the claim-splitting rule "applies with equal force in the class action context"); *Horton v. Metro. Life.*

---

[16] *See, e.g.*, *Central Magnetic Imaging Open MRI of Plantation, Ltd.*, 789 F. Supp. 2d at 1312–14, 1317–18 (dismissing a similarly-pled class claim for injunctive relief because plaintiff-provider had an adequate legal remedy of monetary damages through a claim for breach of the policy and PIP statute, where the claim arose from the PIP insurer's alleged improper use of the Medicare Multiple Diagnostic Imaging Rule to underpay claims, and where plaintiff alleged that without the injunction, plaintiff and the class would need to engage in "continuous" legal actions regarding reductions, and that plaintiff and the class would be discouraged from treating insureds under similar PIP policies; court found that based upon allegations, plaintiff had "an adequate legal remedy—damages for breach of contract"); *SME Racks, Inc.*, 243 F. App'x. at 503.

*Ins. Co.*, 459 F. Supp. 2d 1246, 1250 (M.D. Fla. 2006); *Bryant v. Tarman*, 21 So. 3d 137, 137 (Fla. 5th DCA 2009) (auto accident claim for bodily injury and property damage could not be split).

Plaintiff seeks to assert declaratory and injunctive relief claims that arise from GEICO Indemnity's purported underpayment of PIP benefits.  But Plaintiff only does so through equitable claims, and does not raise all issues or clams that Plaintiff (and members of the Proposed Class) may have relating to these alleged underpayments. Nor is GEICO Indemnity able to raise all applicable defenses given that all issues or claims are not asserted in this case.

Florida's Second District Court of Appeal addressed and rejected an analogous situation in *Florida Farm Bureau Gen. Ins. Co. v. Peacock's Excavating Serv., Inc.*, 186 So. 3d 6 (Fla. 2d DCA 2015). The *Peacock's* decision held that in considering a declaratory relief claim, a court becomes "fully empowered and should completely adjudicate *all* the rights of the parties relating to coverage, liability and damages in order that the rights of the parties not be determined in a piecemeal fashion."  *Id.* at 9 (emphasis added).

The *Peacock's* decision rejecting a fractured approach to litigation applies in this case given that the very purpose of a claim for declaratory relief is "to obtain a final resolution of all the aspects of the controversy between litigants in a single action." *Id. Peacock's* therefore refused to review an underlying judgment that simply disposed of the issue of the insurer's duty to defend – but did not dispose of the issue of the duty to indemnify or other issues.   *Id.*

This case seeks to assert a class action that addresses an isolated issue under the PIP Statute – GEICO Indemnity's alleged underpayment of PIP benefits. Plaintiff claims to only be seeking equitable relief regarding GEICO Indemnity's calculation and payment methodology of PIP claims. However, members of the Proposed Class – and Plaintiff itself – will undoubtedly have

other issues related to GEICO Indemnity's handling of the implicated charges, bills, and claims to achieve an actual determination of liability. And GEICO Indemnity will have defenses.

For instance, there may be individualized disputes over GEICO Indemnity's reductions based on the application of the PIP Statute's emergency medical condition provisions (Fla. Stat. § 627.736(1)(a)3.-4.), reductions based on GEICO Indemnity's determination that the treatment at issue was not reasonable or medically necessary (Fla. Stat. § 627.736(1)(a) and (5)(a)), reductions or denials based on improper coding or bill submissions (Fla. Stat. § 627.736(5)(d)), reductions or denials based on untimely billing (Fla. Stat. § 627.736(c)), and/or reductions or denials on charges from brokers or based on false statements (Fla. Stat. § 627.736(b)(1)). An individualized determination is required to determine the unique aspects of *each* Proposed Class Members' PIP claim and which of these issues may apply to achieve finality.

This case therefore fails to address all of the necessary aspects of the controversy between the litigants similar to the circumstances at issue in the *Peacock's* decision.[17] Accordingly, Plaintiff's proposed piecemeal litigation violates the bar against claims-splitting in the PIP Statute and Florida law. *See* Fla. Stat. § 627.736(15); *Miller v. Allstate Ins. Co*., 650 So. 2d 671, 673-674 (Fla. 3d DCA 1995). Plaintiff's Complaint should be dismissed for this additional reason.

## <u>CONCLUSION</u>

GEICO respectfully requests that Plaintiff's Complaint be dismissed for the reasons set forth above.

---

[17] Section 627.736(15) is specifically designed to prevent piecemeal litigation similar to what Plaintiff seeks to accomplish in this case. The requirement to assert all applicable issues in a single action is likely the reason that class actions seeking PIP benefits are generally infeasible. *See, e.g.*, *Ocean Harbor*, 261 So. 3d at 648 (reversing class action against PIP insurer, because establishing liability will necessarily devolve into a series of mini-trials under Florida no-fault law); *IDS Prop. Cas. Ins. Co. v. MSPA Claims 1, LLC*, 263 So. 3d 122, 124-25 (Fla. 3d DCA 2018).

Respectfully submitted,

/s/ John P. Marino
John P. Marino (FBN: 814539)
Edward K. Cottrell (FBN: 13579)
Kristen L. Wenger (FBN: 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Phone:  (904) 598-6100
Facsimile:  (904) 598-6204
jmarino@sgrlaw.com
ecottrell@sgrlaw.com
kwenger@sgrlaw.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

I certify that on November 30, 2020, I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system, which will provide notice and a copy of this document

to the counsel of record in this case.

/s/ John P. Marino
Attorney