**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**Case No.: 1:20-cv-24500-DPG**

ALL X-RAY DIAGNOSTIC SERVICES,
CORP., as assignee, on behalf of itself and all
others similarly situated,

       Plaintiff,

v.

GEICO INDEMNITY COMPANY,

       Defendant.

_____/

**DEFENDANT GEICO INDEMNITY COMPANY'S MEMORANDUM
<u>IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND</u>**

Defendant, GEICO Indemnity Company ("GEICO Indemnity"), respectfully submits this Memorandum in Opposition to Plaintiff's Motion for Remand (Dkt. 11) (the "Motion").

## SUMMARY

GEICO Indemnity's Notice of Removal (Dkt. 1) establishes that this Court has jurisdiction of this case. Plaintiff's Motion for Remand seeks to have this case remanded to Florida state court based on its recently filed Amended Class Action Complaint (Dkt. 7) (the "Amended Complaint"). In fact, the entire focus of the Motion for Remand is Plaintiff's revised allegations, claims and requested relief in its Amended Complaint.[1]

Plaintiff attempts to entirely ignore the allegations and relief sought in its original Complaint (Dkt. 1-2) in its effort to avoid federal jurisdiction (the "Original Complaint"). However, federal jurisdiction is determined at the time of removal to federal court, and Plaintiff's Original Complaint was the operative pleading at the time of removal. The allegations, claims and relief requested in the Original Complaint therefore control.

As Plaintiffs obviously recognize, the Original Complaint pending at the time of removal on its face sought to recover monetary damages in the form of Personal Injury Protection ("PIP") benefits and requested class certification under Florida Rule of Civil Procedure 1.220(b)(3).[2] Plaintiff's belated amendment to "clarify" the relief it seeks in this case merely constitutes a subsequent event – not a subsequent revelation – and does not allow Plaintiff to avoid federal jurisdiction.

---

[1] Plaintiff is further incorrect that GEICO Indemnity has agreed that Plaintiff lacks Article III standing to maintain "this cause of action." *See* Motion, p. 2 (citing Dkt. 6). GEICO Indemnity asserted in its Motion and Supporting Memorandum to Dismiss Plaintiff's Complaint that Plaintiff lacks standing to pursue its purported injunctive relief claim. *See* Dkt. 6, pp. 12-15. Plaintiff's argument ignores that the Original and Amended Complaints also attempt to state a declaratory relief claim. *See* Dkt. 1-2 and 7.

[2] Florida Rule of Civil Procedure 1.220(b)(3) is analogous to Federal Rule of Civil Procedure 23(b)(3).

Moreover, this case – and the artful way that Plaintiff has now attempted to plead its claims to disclaim monetary or supplemental relief [3] – involve the exact type of scenario where the Eleventh Circuit Court of Appeals (and other District Courts in Florida) have cautioned that a "declaration that money is owed is a Trojan horse with money damages inside."[4] Accordingly, this Court has jurisdiction. Plaintiff's Motion for Remand should therefore be denied given the presumption against remand in cases removed under CAFA and for the reasons set forth below.

## PROCEDURAL HISTORY

Plaintiff filed its Complaint against GEICO Indemnity on September 18, 2020 in the Circuit Court of the Eleventh Judicial Circuit, Miami-Dade County, Florida. Plaintiff brought this case on behalf of itself and a proposed class of allegedly similarly situated healthcare providers in Florida (the "Proposed Class"). Dkt. 1-2, at ¶ 28; *see also* Dkt. 7, ¶ 28.[5]

GEICO Indemnity timely removed this case to this Court on November 2, 2020 pursuant to 28 U.S.C. §§ 1332(d) and 1441(a) of the Class Action Fairness Act ("CAFA"). *See* Notice of

---

[3] GEICO Indemnity disputes whether Plaintiff may stipulate or disclaim any purported entitlement to monetary or supplemental relief for members of the Proposed Class for purposes of avoiding CAFA jurisdiction pursuant to *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013); *see also Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1325 (11th Cir. 2013) ("[A] plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified. The absent class members were not bound by the consent of representative."); *Taylor v. Certified Legal Funding, Inc.,* No. 8:18-CV-27-EAK-MAP, 2018 WL 3860243, at *4 (M.D. Fla. July 3, 2018) (denying a remand motion and holding that "even if Plaintiff could limit *his own* damages sought through unsworn representations in his Motion, he cannot limit the damages sought by the other putative class members (thereby decreasing the aggregate amount in controversy) because a plaintiff who files a putative class action cannot legally bind members of the putative class prior to class certification.").

[4] *See, e.g., S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317–18 n. 3 (11th Cir. 2014); *Revival Chiropractic, LLC v. Allstate Ins. Co.*, No. 6:19-cv-445-Orl-40LRH, 2020 WL 6276023 (M.D. Fla. Sept. 30, 2020).

[5] GEICO Indemnity denies that the Proposed Class is properly defined and that this case is proper for class treatment under the Florida or Federal Rules of Civil Procedure and governing authority. GEICO Indemnity reserves the right to challenge the sufficiency of Plaintiff's class allegations, as well as the class treatment of this case, at the appropriate stage.

Removal (Dkt. 1).  As set forth in the Notice of Removal, this Court has original jurisdiction under 28 U.S.C. §§ 1332(d)(2) and (d)(5)(B).

Under these sections original jurisdiction exists when (i) the civil action in question is a class action in which there are at least 100 putative class members; (ii) diversity of citizenship exists between any class member and any defendant; and (iii) the amount in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs.  28 U.S.C. §§ 1332(d)(2) and (d)(5)(B).  GEICO Indemnity's Notice of Removal satisfies these requirements.

On December 9, 2020, Plaintiff filed the Amended Complaint.  Plaintiff filed her Motion for Remand on December 10, 2020.  Plaintiff seeks remand based on the sole argument that federal jurisdiction does not exist, because it (and members of the Proposed Class) do not seek monetary damages or supplemental relief based upon its later filed Amended Complaint.

On November 30, 2020, GEICO Indemnity filed a Motion and Supporting Memorandum to Dismiss Plaintiff's Class Action Complaint (Dkt. 6).  In response to the arguments asserted in the Motion to Dismiss, Plaintiff filed the Amended Complaint. The Motion to Dismiss Plaintiff's original Complaint was therefore denied as moot.  GEICO Indemnity's Motion to Dismiss Plaintiff's Amended Complaint has been filed with this Response to the Motion to Remand.

### THE COMPLAINTS

### I.      PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff's Original Complaint alleges that GEICO Indemnity engaged in an improper practice of failing to utilize the highest applicable Medicare Part B payment schedule, which purportedly violates Florida Statute Section 627.736(5)(a)(2), when paying PIP claims. Dkt. 1-2, at ¶ 10. Plaintiff purportedly asserts its claims via an Assignment of Benefits allegedly executed

by the Insured who was allegedly involved in a car accident in 2020.[6] Dkt. 1-2, at ¶¶ 2, 11, 15.
The Insured purportedly sustained bodily injuries and Plaintiff submitted a PIP claim under the
insurance policy that GEICO Indemnity issued to the Insured. Dkt. 1-2, at ¶¶ 11–15, 17.[7]

Plaintiff alleges that GEICO Indemnity improperly reduced its payments of Plaintiff's
medical charges arising from the subject PIP claim. *See* Dkt. 1-2, at ¶¶ 20–21. Plaintiff alleges
that GEICO Indemnity "failed to use the 2007 Medicare Part B OPPS payment schedule to
determine the allowed amounts, which in this case would have been the highest applicable
Medicare Part B schedule in accordance with Florida Statute Sec. 627.736(5)(a)(2)." Dkt. 1-2, at
¶ 21. GEICO Indemnity's therefore allegedly violates §627.736(5)(a)(2). Dkt. 1-2, at ¶ 21.

Plaintiff alleges in the Original Complaint that the crux of this case is a dispute over
payments that GEICO Indemnity is purportedly obligated to pay on PIP claims. Dkt. 1-2, at ¶¶ 5,
9, 21. Plaintiff also alleges that GEICO Indemnity issued similar policies to "thousands of other
Florida residents and has consistently paid improperly reduced amounts to Plaintiff and members
of the Class[.]" Dkt. 1-2, at ¶ 22.

Plaintiff asserts two Counts in the Original Complaint arising from these allegations
against GEICO Indemnity—a purported declaratory relief claim in Count I and injunctive relief
claim Count II.[8] The Original Complaint includes the following proposed class definition:

> All Florida healthcare providers who (a) are/were the assigns or assignees of
> covered insureds under an automobile insurance policy issued by GEICO as
> described in Fla. Stat. Sec. 627.736(1)(a); and (b) who at any time during the
> Class Period submitted *bills to GEICO for payment of PIP benefits* for medical

---

[6] GEICO Indemnity reserves its rights to dispute the validity of the purported Assignment
of Benefits and whether it provides Plaintiff with standing to assert the relief sought in the
Complaint.

[7] Plaintiff also contends that the Insured assigned his "rights and benefits" of an
automobile insurance policy to Plaintiff. Dkt. 1-2, at ¶ 3.

[8] Plaintiff further seeks to recover attorneys' fees and costs pursuant to Section 627.428,
Florida Statutes. Dkt. 1-2, at ¶¶ 52, 65.

and/or diagnostic services; and (c) GEICO failed to utilize the highest applicable Medicare Part B payment schedule thereby leaving amounts due and owing pursuant to Florida Statute Sec. 627.736(5)(a)(2.)

Dkt. 1-2, at ¶ 28 (the "Proposed Class") (emphasis added).[9]

Plaintiff's Original Complaint seeks to have the Proposed Class certified under Florida Rules of Civil Procedure 1.220(b)(1)(A), (b)(2) and/or (b)(3). *See* Dkt. 1-2, p. 19(a), "Prayer for Relief." The alleged class period is September 18, 2015 to the present. Dkt. 1-2, at ¶ 28 (the "Proposed Class Period").

Count I in the Original Complaint seeks a declaration that GEICO Indemnity's alleged improper reduction of its payments on PIP claims fails to provide Plaintiff and members of the Proposed Class with the full benefit of the contractual coverage promised by GEICO Indemnity. Dkt. 1-2, at ¶ 48. Count I further alleges that GEICO Indemnity's reduced payments have "adversely affected both Plaintiff's and other class insureds['] rights to *coverage* under the no-fault provisions of the Policy." Dkt. 1-2, at ¶ 48 (emphasis added).

Count II in the Original Complaint seeks injunctive relief requiring GEICO Indemnity to cease and desist from "continuing to violate Florida Statute Sec. 627.736(5)(a)(2) by unlawfully reducing payment of valid bills for medical and diagnostic services." Dkt. 1-2, at ¶ 58. Plaintiff further alleges that GEICO retained "*monies due and owing* to Plaintiff and Class members[.]" Dkt. 1-2, at ¶ 56 (emphasis added).  Plaintiff additionally alleges that GEICO Indemnity "is preventing, delaying and hindering its insureds' abilities to receive insurance *coverage* to which they are entitled, and this will lead to incalculable or unascertainable losses to third parties." Dkt. 1-2, at ¶ 57(c) (emphasis added).

---

[9] GEICO Indemnity denies that the Proposed Class is properly defined and that this case is proper for class treatment under the Florida or Federal Rules of Civil Procedure and governing authority.  GEICO Indemnity reserves the right to challenge the sufficiency of Plaintiff's class allegations, as well as the class treatment of this case, at the appropriate stage.

Plaintiff makes _29_ references to PIP benefits or coverage in the Original Complaint, relies on an Assignment of _Benefits_ to assert this case, defines membership in the Proposed Class by who submitted bills "for payment of PIP _benefits_," and makes several allegations as to GEICO Indemnity's purported breach of the governing insurance policy contract. _See_ Dkt. 1-2, at ¶¶ 2–4, 10, 12, 15–18, 22, 26, 28, 31, 33, 41–42, 48, 56, 57(c), 61.

## II.   PLAINTIFF'S AMENDED COMPLAINT

Plaintiff's Amended Complaint relies on the same alleged conduct by GEICO described in the Original Complaint for its purported declaratory and injunctive relief claims.  _See generally_ Dkt. 7.  Plaintiff alleges that GEICO Indemnity engaged in an improper practice of failing to utilize the highest applicable Medicare Part B payment schedule, which purportedly violates Florida Statute Section 627.736(5)(a)(2), when paying PIP claims. _Id._,  at  ¶¶  21- 22. There are _substantively_ few differences between the Original and Amended Complaints.

However, Plaintiff includes a specific caveat in the Amended Complaint that:  "[b]y the filing of this Amended Class Action Complaint the Plaintiff is not consenting to the jurisdiction of this Court or in any way waive its right to seek remand to State Court as is set forth within the Plaintiff's Motion for Remand.   The filing of this Amended Complaint is for clarification purposes only." _See_ Dkt. 7, p. 1, n. 1; Motion, p.1, n. 1 (similarly noting that the Amended Complaint was filed "for clarification purposes only.").

The Amended Complaint therefore arguably acknowledges that the Original Complaint did, in fact, seek monetary relief in the form of PIP benefits and Rule 1.220(b)(3) certification of the Proposed Class.[10]   The type of requested relief is the sole issue that the Amended Complaint

_____

[10]  In fact, the Motion notes that "Plaintiff intentionally did not seek any damages or supplemental relief within its Amended Complaint and is merely seeking a declaration of the parties rights and obligations under Florida Statute 627.736(5)(a)(2) and the Defendant's policy."

attempts to correct – or "clarify" for the Court.   However, the Original Complaint controls the removal and jurisdictional analysis.   The Amended Complaint with its "clarification" only further substantiates that monetary damages is the relief requested in this case at time of removal.

The Amended Complaint makes _27_ references to PIP benefits or coverage and continues to rely on an Assignment of _Benefits_ to assert this case.  *See, e.g.,* Dkt. 7, ¶¶ 2-3, 17, 18, 22, 31, 40; *see also* Dkt. 7, ¶ 55(c) (alleging that GEICO Indemnity is "preventing, delaying and hindering its insureds' abilities to receive *insurance coverage* to which they are entitled, and this will lead to incalculable or unascertainable losses to third parties.").  The Amended Complaint further specifically alleges that it "provides diagnostic services to Florida residents who have sustained personal injuries in motor vehicle collisions, and *who have assigned to Plaintiff the right to collect "PIP" benefits[.]*"  *See* Dkt. 7, ¶ 2 (emphasis added).[11]

The Amended Complaint may remove its reference to Rule 1220(b)(3).   However, it still defines the Proposed Class in terms of those who submitted *"bills to GEICO for payment of PIP benefits.*"  *See* Dkt. 7, ¶ 28. The revised language in sub-section (c) only reiterates that benefits are the true nature of the requested relief:

> All Florida healthcare providers who (a) are/were the assigns or assignees of covered insureds under an automobile insurance policy issued by GEICO as described in Fla. Stat. Sec. 627.736(1)(a); and (b) who at any time during the Class Period *submitted bills to GEICO for payment of PIP benefits* for medical and/or diagnostic services; and (c) to whom GEICO failed to utilize the highest

---

*See* Dkt. 11, p. 9.  Notably, the Motion does not make this same assertion with respect to the Original Complaint, which governs whether removal to this Court was proper.

[11] The Original and Amended Complaints similarly allege that "Luis Pino was a patient at Plaintiff, ALL X-RAY, who is and/or was an insured or omnibus insured under an automobile insurance policy providing [PIP] benefits issued by the Defendant, GEICO, and who assigned his rights and benefits of said automobile insurance policy to Plaintiff, ALL X-RAY[.]".  *See* Dkt. 1-2, ¶ 3; Dkt. 7, ¶ 3.  GEICO Indemnity reserves its right to dispute the validity of the purported Assignment of Benefits from the Insured and that its scope allows Plaintiff to seek the requested relief in the Amended Complaint.

applicable Medicare Part B payment schedule pursuant to Florida Statute Sec.
627.736(5)(a)(2)  in *determining the payment amount for the bills submitted*.

*Id.*  (emphasis added). The Amended Complaint also requests attorneys' fees and costs pursuant
to Section 627.428, Florida Statutes, which allows for the recovery of attorneys' fees and costs in
an action for benefits.  Dkt. 7, at ¶¶ 50, 62, p. 18.[12]

Accordingly, there can be no real dispute or doubt that this case is indeed about the
payment of allegedly owed PIP coverage/benefits despite Plaintiff's attempt to avoid expressly
asserting a breach of contract claim in the Original (or Amended) Complaint, and "clarifying"
that this action does not seek monetary relief or damages. *See* Dkt. 1-2 and Dkt. 7.

## ARGUMENT

A district court has original jurisdiction of an action between citizens of different states
where, in the case of a class action, the "[amount] in controversy exceeds the sum or value of
$5,000,000, exclusive of interest and costs..." 28 U.S.C. § 1332(d)(2).   "[T]he claims of
individual class members shall be aggregated" to determine the amount in controversy.  *Standard
Fire Ins. Co.*, 133 S. Ct. at 1348 (quoting 28 U.S.C. § 1332(d)(6)). "And those 'class members'
include 'persons (named or unnamed) who fall within the definition of the *proposed* or certified
class.'"  *Id.*  (quoting 28 U.S.C. § 1332(d)(1)(D)); *see also South Florida Wellness, Inc. v.
Allstate Ins. Co.*, 745 F.3d 1312 (11th Cir. 2014).

The Supreme Court has held that "a defendant's notice of removal need include only a
plausible allegation that the amount in controversy exceeds the jurisdictional threshold."  *Dart*

---

[12] GEICO Indemnity reserves its right to challenge Plaintiff's entitlement to the recovery
of reasonable attorneys' fees and costs pursuant to Section 627.428, Fla. Stat. given its repeated
statements and allegations that "[t]his action does not assert a claim for any monetary relief." *See*
Dkt. 7, ¶ 1; *see also* Dkt. 7, ¶ 49 (alleging that this is "not an 'action for benefits'.");
Motion, p. 1, n. 1 ("Plaintiff seeks no damages or supplemental relief in either the [Original]
Complaint or the Amended Complaint.").

*Cherokee Basin Operating Co., LLC v. Owens,* 135 S. Ct. 547, 554 (2014). "In other words, all that is required is a 'short and plain statement of the grounds for removal,' including 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Dudley v. Eli Lilly and Co.,* 778 F.3d 909, 912 (11th Cir. 2014) (quoting *Dart Cherokee,* 135 S.Ct. at 551, 554). Moreover, "[a] removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.* 608 F.3d 744, 754 (11th Cir. 2010).

Unlike traditional diversity jurisdiction, "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee Basin Operating Co., LLC,* 135 S. Ct. at 554. "This conclusion was driven, in part, by the legislative history, including language found in Senate Report No. 109–14 (2005), which observed that CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.'" *Dudley,* 778 F. 3d at 912. The Eleventh Circuit has applied *Dart Cherokee,* holding: "Applying this binding precedent from the Supreme Court, we may no longer rely on any presumption in favor of remand in deciding CAFA jurisdictional questions." *Id.*[13]

---

[13] *See also, e.g., Anderson v. Wilco Life Ins. Co.,* 943 F.3d 917, 924–25 (11th Cir. 2019) (reversing the lower court's granting of a remand motion and holding that "[u]nlike in ordinary cases, there is no presumption against removal in CAFA cases."); *Randy Rosenberg, D.C., P.A. v. Geico Gen. Ins. Co.,* No. 19-CV-61422, 2019 WL 3886160, at *2 (S.D. Fla. Aug. 19, 2019) (denying remand, noting that "[w]hile normally a court shall presume[] that a cause lies outside this limited jurisdiction,' the Supreme Court has made clear that no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court.") (citations and quotations omitted); *Hands on Chiropractic PL v. Progressive Select Ins. Co.,* No. 618CV192ORL37DCI, 2018 WL 1998961, at *2 (M.D. Fla. Apr. 12, 2018), *report and recommendation adopted,* No. 618CV192ORL37DCI, 2018 WL 1992192 (M.D. Fla. Apr. 27, 2018).

## I.    Federal Jurisdiction is Determined at the Time of Removal.

The Eleventh Circuit has held that "[w]hat counts is the amount in controversy at the time of removal." *South Fla. Wellness*, 745 F.3d at 1315; *Scimone v. Carnival Corp.,* 720 F.3d 876, 882 (11th Cir. 2013)(noting "we assess jurisdictional facts at the time of removal."). A party generally cannot rely on amendments to its complaint post-removal to avoid federal jurisdiction. *Pretka*, 608 F. 3d at 751 (holding that "[a] court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the time of removal, not later.")

Plaintiff attempts to wholly ignore that the Amended Complaint does not allow it to avoid federal jurisdiction that existed at the time of removal given the Original Complaint. Instead, Plaintiff filed the Amended Complaint to attempt to fix (or "clarify") the allegations in the Original Complaint that made it clear the true nature of the relief requested is monetary damages and therefore establishing that this Court has jurisdiction over this case.

The Motion entirely relies on the allegations, purported claims and requested relief in the Amended Complaint. However, the Eleventh Circuit and this Court have held that jurisdiction is analyzed and determined at the time of removal. *See Pretka,* 608 F. 3d at 751; *South Florida Wellness*, 745 F.3d at 1315; *Scimone ,* 720 F. 3d at 882; *ABC Univ. Shops, LLC v. Scottsdale Ins. Co.,* No. 18-60562-CIV, 2018 WL 3672265, at *5 (S.D. Fla. July 24, 2018), *report and recommendation adopted*, No. 18-CV-60562, 2018 WL 4409851 (S.D. Fla. Aug. 16, 2018) (D. Gayles presiding) ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy 'at the time of removal.'") (internal citations omitted); *Hands on Chiropractic PL v. Progressive Select Ins. Co.,* 2018 WL 1998961, at *2.[14]

---

[14] *See also, e.g., Anderson*, 943 F. 3d at 925 (stating that the court's analysis of the amount-in-controversy focuses on how much is in controversy at the time of removal); *Jovine v. Abbott Labs., Inc.,* No. 11-CV-80111, 2011 WL 1337204, at *2 (S.D. Fla. Apr. 7, 2011) ("A court's analysis of the amount-in-controversy requirement focuses on how much is in controversy at the

Plaintiff's Original Complaint therefore controls for purposes of removal jurisdiction. *See Alonso v. Bank of America, N.A.,* No. 17-cv-238, 2017 WL 677672, at *3 (M.D. Fla. Feb. 21, 2017) (citing *Pretka*, 608 F. 3d at 770) (refusing to ignore "Plaintiff's own statement of their damages in determining the propriety of removal.")); *Vega v. T–Mobile USA, Inc.,* 564 F.3d 1256, 1268 n. 12 (11th Cir. 2009) ("[J]urisdictional facts are assessed at the time of removal; and post-removal events (including non-certification, de-certification, or severance) do not deprive federal courts of subject matter jurisdiction."); *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1331 (11th Cir. 2006) ("Jurisdictional facts are assessed on the basis of plaintiff's complaint *as of the time of removal*.") (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994)).

## II. Plaintiff's Attempt to "Clarify" Through Its Amended Complaint Should be Rejected as a Subsequent Event That Fails to Defeat Federal Jurisdiction.

Despite binding cases holding that jurisdiction is determined at the time of removal, Plaintiff filed its Amended Complaint in an obvious attempt to avoid this Court's jurisdiction. However, Plaintiff's belated amendment to "clarify" the relief it seeks in this case merely constitutes a subsequent event (not revelation), which does not avoid federal jurisdiction here.

Plaintiff may argue that its filing of the Amended Complaint is a subsequent revelation to avoid this Court's jurisdiction. The Honorable James I. Cohn of this Court made the distinction of a subsequent *event* versus a subsequent *revelation* to consider jurisdictional facts and whether

---

time of removal.") (internal citations omitted); *Shaver v. Ford Motor Co.,* 768 F. Supp. 2d 1235, 1236 (S.D. Fla. 2011) (When analyzing whether the amount-in-controversy requirement has been fulfilled, a court must focus on what the amount in controversy was "at the time of removal, not later.") (internal citations omitted); *E.S.Y., Inc. v. Scottsdale Ins. Co.*, 217 F. Supp. 3d 1356, 1360 (S.D. Fla. 2015) ("In determining whether the jurisdictional amount in controversy has been met, a court evaluates the amount in controversy as of the time of removal."); *Turner v. Geovera Specialty Ins. Co.,* No. 18-62764-CIV, 2019 WL 1116188, at *1 (S.D. Fla. Jan. 15, 2019), *report and recommendation adopted,* No. 18-62764-CIV, 2019 WL 2268974 (S.D. Fla. Jan. 31, 2019) (The jurisdictional facts "are evaluated at the time of removal.").

they may be used to divest a court of federal jurisdiction in a proposed class action case.  *See Reilly v. Amy's Kitchen, Inc.,* 2 F. Supp. 3d 1300, 1302–03 (S.D. Fla. 2014).

A subsequent revelation, which may undermine federal jurisdiction, arises when a disputed jurisdictional fact is later revealed that existed when federal jurisdiction first attached.  *See Reilly*, 2 F. Supp. 3d at 1303- 04 (internal citations omitted).  The *Reilly* decision dismissed the case for lack of subject-matter jurisdiction, because it held that the Plaintiff had not actually purchased several of the products at issue in the case and the Court therefore lacked (and never had) subject-matter jurisdiction.  *Id.*  Accordingly, *Reilly* held that the Plaintiff lacked standing *from commencement* of the case.  *Id.*

However, an amendment to a pleading – particularly, a change that seeks to reduce or limit the amount in controversy – is considered a subsequent *event* that does *not* allow a party to avoid federal jurisdiction that existed at the time of removal. *See Reilly*, 2 F. Supp. 3d at 1302-03; *Castilla v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.,* No. 11-62086-CIV, 2012 WL 1409648, at *2 (S.D. Fla. Apr. 23, 2012) (holding that "'subsequent events that reduce the amount recoverable—such as the plaintiff's amendment of the complaint—will not defeat the federal court's subject matter jurisdiction.'"); *The Burt Co. v. Clarendon Nat'l Ins. Co.,* 385 Fed. App'x 892, 894 (11th Cir.2010) ("events occurring after removal, such as the post-removal amendment of a complaint to remove certain claims, which may reduce the damages recoverable below the amount in controversy requirement, do not divest the district court of jurisdiction.").[15]

---

[15] *See also Regions Bank v. Dependable Warehousing & Distribution, Inc.,* No. 13-23390-CIV, 2014 WL 11944283, at *1 (S.D. Fla. Apr. 16, 2014) (analyzing cases originally filed and removed to the Southern District of Florida, and rejecting argument that an amended complaint, which alleges an amount in controversy inadequate to support diversity jurisdiction, supersedes the original complaint and destroys subject matter jurisdiction.); *Rovt v. Big Al's Gun & Pawn, Inc.,* No. 18-60880-CIV, 2019 WL 160620, at *4 (S.D. Fla. Jan. 10, 2019) ("[A]fter

Plaintiff's purported "clarification" constitutes a subsequent event that precludes Plaintiff from avoiding federal jurisdiction.  The Amended Complaint attempts *after removal* to change the allegations, the requested relief and its requested class certification.[16] Plaintiff's post-removal modifications therefore fail to constitute a disputed jurisdictional fact that existed at the time of removal.  Accordingly, they are not a subsequent revelation depriving this Court of jurisdiction.

### III.   Federal Jurisdiction Exists Under CAFA.

#### A.   The Original Complaint Seeks PIP Benefits/Money Damages.

Plaintiff's sole argument seeking remand of this case is that it disclaims any claim for monetary relief. Motion, pp. 1- 2. Plaintiff therefore argues that this case should be remanded. *Id.*  However, Plaintiff did not specify the value of its requested declaratory judgment and includes a request for supplemental relief pursuant to Section 86.061, Fla. Stat., in the Original Complaint.  *See* § 86.061, Fla. Stat.; *McAllister v. Breakers Seville Ass'n, Inc.*, 41 So. 3d 405, 408 (Fla. 4th DCA 2010); *City of Tallahassee v. Talquin Elec. Co-op., Inc.*, 549 So. 2d 725, 725 (Fla. 1st DCA 1989).  Plaintiff further failed to allege a value of its requested injunctive relief in the Original Complaint.  *See* Dkt. 1-2.

However, Plaintiff's allegations and requested relief in the Original Complaint show that the true nature of the relief sought in this case is Personal Injury Protection coverage (and legal damages) arising from whether GEICO Indemnity breached the terms of its auto insurance policies and governing law.  Count I seeks a declaration that GEICO Indemnity's improper

---

jurisdiction has attached, even if the plaintiff's amended pleadings reduce the claim below the requisite amount, the district court retains jurisdiction.") (internal citations omitted).

[16] GEICO Indemnity notes that the Amended Complaint (and the Motion) make it clear that Plaintiff still seeks to recovery additional PIP benefits through its requested declaratory and injunctive relief claims as set forth above. The Amended Complaint therefore arguably fails to overcome the existence of federal jurisdiction even if it were to be considered in this jurisdictional analysis and not the Original Complaint as required by binding law.

reduction of its payments on PIP claims fails to provide Plaintiff and members of the Proposed

Class with the full benefit of the contractual *coverage* promised by GEICO Indemnity.  *See* Dkt.

1-2, ¶ 48.  Count I alleges that GEICO Indemnity's reduced payments have "adversely affected

both Plaintiff's and other class insureds rights to *coverage* under the no-fault provisions of the

Policy."  *Id.* (emphasis added).

Count II in the Original Complaint seeks injunctive relief requiring GEICO Indemnity to

cease and desist from "continuing to violate Florida Statute Sec. 627.736(5)(a)(2) by unlawfully

reducing payment of valid bills for medical and diagnostic services."  *Id.* at ¶ 58.  Count II

further asserts that GEICO Indemnity "continues to retain monies due and owing to Plaintiff and

Class member[s] for medical services provided by Plaintiff and Class members which should

have been paid by Defendant from its insureds' Personal Injury Protection benefits."  *Id.* at ¶ 56.

Moreover, Count II alleges several examples of the purported injury caused by GEICO

Indemnity's alleged conduct. For example, Plaintiff alleges that GEICO Indemnity "is

preventing, delaying and hindering its insureds' abilities to receive insurance *coverage* to which

they are entitled, and this will lead to incalculable or unascertainable losses to third parties." Dkt.

1-2, at ¶ 57(c) (emphasis added).

Despite Plaintiff's attempt to shroud the true relief sought in this case, the many

references to coverage (and even legal damages) in the Original Complaint make it clear that

Plaintiff seeks *PIP coverage and money damages*.  *See, e.g.,* Dkt. 1-2 at ¶ 31 (emphasis added)

(alleging that GEICO's records "will enable the Plaintiff to easily determine common action and

liability as well as *damages* for all putative Class members' claims."); *see also Id.* at ¶ 36

(emphasis added) (alleging that "[a]bsent a Class, the members of the Class will continue to suffer *damages* and GEICO's unlawful conduct will continue without remedy[.]").[17]

      **B.**      **The Notice of Removal Satisfies CAFA.**

The Notice of Removal confirms that GEICO Indemnity identified over 1,500 claims and 300,000 charges under PIP coverage where, from September 18, 2015 to September 18, 2020, the amount reimbursed by GEICO Indemnity would have been greater if the 2007 limiting charge amount was applied in the manner set forth in the Complaint.   *See* Dkt. 1, ¶¶ 22, 42.

The estimated difference between the total amount of the payments made on the PIP claims and the payments that would have been made based on Plaintiff's alleged theory that GEICO Indemnity should have paid 80% of the 2007 Medicare Part B limiting charge in the manner set forth in the Complaint during the Proposed Class Period exceeds $8,200,000. *Id.* at ¶ 43.   This does not account for Plaintiff's additional allegations that the 2007 OPPS Payment amount must also be considered and paid in the manner set forth in the Complaint, which would further increase the amount in controversy. *Id.*

Finally, Plaintiff also seeks attorneys' fees under Fla. Stat. § 627.428, which may be included in calculating the amount in controversy. *See* Dkt. 1-2, at ¶¶ 52, 65.   A "reasonable amount" of attorneys' fees "is included in the amount in controversy" provided a statute authorizes the recovery of such fees.   *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1265 (11th Cir. 2000) (citing *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000).   Plaintiff seeks attorneys' fees under Florida Statute section 627.428, which authorizes a court to award a reasonable sum of attorneys' fees to a prevailing insured or beneficiary.   *See* Dkt. 1.

---

[17] In addition, the Original Complaint requests certification of the Proposed Class pursuant to Florida Rules of Civil Procedure 1.220(b)(1)(A), (b)(2) and/or *(b)(3)*.  *See* Dkt. 1-2 at p. 19(a), Prayer for Relief (emphasis added)

Further, where authorized by statute, the amount of attorneys' fees to be included in the amount in controversy is not confined to the date of filing removal; instead, it includes a reasonable amount of both present and future attorneys' fees. *Cohen*, 204 F.3d at 1079 (citing *Mo. State Life Ins. Co. v. Jones*, 290 U.S. 199, 202, 54 S. Ct. 133, 134, 78 L. Ed. 267 (1933)). The Court may "use its judicial experience and common sense to estimate the amount that Plaintiffs could recover" in determining the amount of attorneys' fees to include in the amount in controversy. *Bele v. 21st Century Centennial Ins. Co.*, No. 6:15-cv-526-Orl-40GJK, 2015 WL 3875491, at *3 (M.D. Fla. May 15, 2015) (denying plaintiffs' motion to remand).

The Original Complaint controls the jurisdictional analysis. The Court may therefore rely on the amount in controversy in the Notice of Removal despite the attempted "clarification" in the Amended Complaint. Moreover, Plaintiff does not contest that there are least 100 putative class members or that minimal diversity under CAFA exists. Nor does Plaintiff argue that any of the CAFA exceptions apply (e.g., local controversy). Accordingly, the Notice of Removal undisputedly establishes that this Court has federal jurisdiction under CAFA. *See* Dkt. 1.

### C.    This "Trojan Horse" Case is Distinguishable from *Gerber*.

The Eleventh Circuit and District Courts in Florida have recognized and rejected attempts like this case to avoid federal jurisdiction finding that a "declaration that money is owed is a Trojan horse with money damages inside."[18]

The Honorable Virginia M. Hernandez Covington of the Middle District of Florida held: "[t]hat [Plaintiff] would need to take an extra step – i.e. file another lawsuit using the declaration – to eventually be reimbursed by GEICO does not prevent the Court from including the amount

---

[18] *See, e.g., S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317–18 & n. 3 (11th Cir. 2014); *Revival Chiropractic, LLC v. Allstate Ins. Co.*, No. 6:19-cv-445-Orl-40LRH, 2020 WL 6276023, at *3–4 (M.D. Fla. Sept. 30, 2020).

she ultimately seeks to recover when calculating the amount in controversy." *McLawhorn v. GEICO Indemnity Co.*, Case No. 8:17–cv–156–T–33AEP, 2017 WL 1277744, at *3 (M.D. Fla. April 6, 2017) (quoting *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316-17 (11th<sup>th</sup> Cir. 2014) (holding that "[a]lthough the putative class members might have to take an extra step or two after obtaining declaratory relief to get money from Allstate, that does not mean that determining the amount in controversy exceeds $5 million is too speculative a task")).

The Southern District of Florida similarly applied the Eleventh Circuit's decision in *South Florida Wellness* to reject a remand motion that argued the "amount at issue in an action for declaratory relief against an insurance company for improper billing payments is overly speculative." *A&M Gerber Chiropractic LLC v. GEICO General Insurance Company*, Case No. 16-cv-62610, 2017 WL 35519, at *3 (S.D. Fla. Jan. 3, 2017).[19]

> The Honorable Beth Bloom held regarding remand in *Gerber Chiropractic* that:
>
> Second, and more to the point, the Eleventh Circuit reasoned that the speculation argument improperly "relies on the assumption that class members armed with a declaratory judgment would not later seek out the additional payment they are owed. That assumption is contrary to human nature and the nature of lawyers." *Id.* Even if "the putative class members might have to take an extra step or two after obtaining declaratory relief to get money ... determining that the amount in controversy exceeds $5 million is [not] too speculative of a task." The Court finds the analysis in *Wellness* applicable and controlling.
> . . . . .
>
> As the Eleventh Circuit recognized in *Wellness*, claims for a declaratory judgment in such cases are not entirely abstract, as a favorable ruling **"**would establish that [Defendant] provided members of the putative class with insufficient payment on bills that have already been incurred, and it would give those class members a right to receive additional payment. That right to additional payment represents 'the monetary value of the benefit that would flow to the plaintiff if the declaratory relief were granted.'"

---

[19] For clarity, the Southern District of Florida's January 3, 2017 decision in *A&M Gerber Chiropractic LLC v. GEICO General Insurance Company*, Case No. 16-cv-62610, 2017 WL 35519, at *3 (S.D. Fla. Jan. 3, 2017) is referred to in this Response as "*Gerber Chiropractic*," and the Eleventh Circuit's subsequent May 3, 2019 decision in A&*M Gerber Chiropractic, LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205 (11th Cir. 2019) is referred to as "*Gerber*."

*Gerber,* 2017 WL 35519, at *3–4 (internal citations and quotations omitted) (relying on *Morrison v. Allstate Indem. Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000)).

Plaintiff seeks to use the Eleventh Circuit's subsequent remand decision in *Gerber* to have this case remanded, rather than dismissed, relying (in part) on its artful pleading in the Amended Complaint. *See A&M Gerber Chiropractic, LLC v. GEICO Gen. Ins. Co.*, 925 F.3d 1205 (11th Cir. 2019). However, this case is distinguishable from *Gerber* as shown in the Original Complaint, the Amended Complaint, and the Motion.

*Gerber* involved a sole declaratory relief claim[20] that was removed to federal court, and arose from alleged unpaid PIP benefits where the insured had *already received* more PIP benefits he was entitled to receive. *Id.* at 1207–16. Simply put, *Gerber* concerned an insured that had already *exhausted* the applicable policy benefits, regardless of whether the insurer had correctly or incorrectly interpreted and applied the policy. *See id* at 1212–15. The Eleventh Circuit in *Gerber* therefore determined that there was no substantial likelihood of future injury to the insured, and remanded the case and Plaintiff's sole declaratory judgment claim to state court for lack of standing. *Id.* at 1212–16.

Significantly, the Eleventh Circuit in *Gerber* did not address whether the sole declaratory judgment claim was, in reality, a claim for damages. *See generally id.* Rather, the Eleventh Circuit in *Gerber* assumed that the claim was for "declaratory relief without a claim for money damages" given that the PIP benefits on the governing insurance policy were exhausted (and thus

---

[20] The Motion appears to inadvertently argue that *Gerber* is similar to this case in that it asserts a single count for declaratory judgment. *See* Dkt. 11, p. 7. However, this case does not assert a single count for declaratory relief. And this case is distinguishable given the various requests for monetary relief, coverage and Rule 1.220(b)(3) class certification in the Original Complaint that were not present in *Gerber*.

18

the *Gerber* plaintiff could not, in fact, ever recover *any* money damages in the form of policy benefits), and concluded that the action should be remanded. *See id*. at 1214–16.

However, Plaintiff in this case has attempted to assert more than one claim.  This case is therefore not a case involving a sole declaratory judgment claim despite Plaintiff's attempt to re-characterize the true nature of the requested relief through its post-removal filing of the Amended Complaint.  *See generally* Dkt. 7.  Moreover, and perhaps most significantly, Plaintiff acknowledges in the Motion that:

> It is the Plaintiff's position that (1) in the event the Court enters a declaratory judgment in favor of the Plaintiff ruling the Defendant is required by the statute and its policy to utilize the highest Medicare Part B payment schedule in the reimbursement of a valid claim for PIP benefits, *the Defendant would have an obligation to issue any payments for all valid claims for PIP benefits* with **no action** from the Plaintiff or the Class members in accordance with 627.736(11), Florida Statutes, and (2) *if the Defendant fails to issue any payments due* despite a declaratory judgment in favor of the Plaintiff in violation of 627.736, the Plaintiff [] is in need of the declaration of its rights **prior to** the submission of a "demand letter" to ensure compliance with Florida Statute 627.736(10).

*See* Dkt. 11, p. 9 (emphasis added in italics, emphasis in original in bold).

Plaintiff's Motion therefore makes it clear that unlike *Gerber,* this case involves "declaratory relief [*with*] a claim for money damages."  The same reasoning by the Eleventh Circuit in *South Florida Wellness* and this Court in *Gerber Chiropractic* (and the Middle District of Florida in *McLawhorn*) therefore apply to this case.   The amount in controversy set forth above and in the Notice of Removal is not speculative despite the fact that Plaintiff and members of the Proposed Class may have "to take an extra step — i.e. file another lawsuit using the declaration — to eventually be reimbursed by GEICO."  *See S. Fla.  Wellness*, 745 F. 3d at 1316-17; *Gerber Chiropratic*, 2017 WL 35519, at *3, 4.

This amount in controversy represents "the monetary value of the benefit that would flow to the [Plaintiff and the Proposed Class] if the declaratory relief were granted."  *See Gerber,*

2017 WL 35519, at *4. GEICO Indemnity's Notice of Removal plausibly alleged that the amount in controversy exceeds the jurisdictional threshold.  Plaintiff's Motion provides no information that overcomes the federal jurisdiction established in the Notice of Removal.[21]

Plaintiff's position as set forth in the Motion essentially acknowledges that the attempted stipulation or disclaimer in the Amended Complaint – which fails to allow it to avoid federal jurisdiction as set forth in this Opposition – is disingenuous *at best*.  Plaintiff's position and arguments in the Motion establish that this case actually involves the exact type of scenario where the Eleventh Circuit Court of Appeals (and Florida District Courts) have cautioned that a "declaration that money is owed is a Trojan horse with money damages inside."[22]  Accordingly, the Motion for Remand should be denied.

## CONCLUSION

GEICO Indemnity respectfully requests that the Court deny Plaintiff's Motion for Remand for the reasons set forth above, together with such further relief as the Court deems just and proper.

---

[21] In fact, the Motion makes it clear that Plaintiff believes it and members of the Proposed Class would *not* even have to take the "extra step" to seek reimbursement from GEICO Indemnity. *See* Dkt. 11, p. 9; *see also S. Fla.  Wellness*, 745 F. 3d at 1316-17; *Gerber*, 2017 WL 35519, at *3, 4.

[22] *See, e.g., S. Fla. Wellness, Inc.*, 745 F.3d at 1317–18 & n. 3; *Revival Chiropractic, LLC*, 2020 WL 6276023 at * at *3–4.

Respectfully submitted,

*/s/ Kristen L. Wenger*
John P. Marino (FBN: 814539)
Edward K. Cottrell (FBN: 13579)
Kristen L. Wenger (FBN: 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Phone:  (904) 598-6100
Facsimile:  (904) 598-6204
jmarino@sgrlaw.com
ecottrell@sgrlaw.com
kwenger@sgrlaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on January 22, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide notice and a copy of this document to the counsel of record in this case.

*/s/ Kristen L. Wenger*
Attorney

21