**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No.: 1:20-cv-24500-DPG**

ALL X-RAY DIAGNOSTIC SERVICES,
CORP., as assignee, on behalf of itself and all
others similarly situated,

      Plaintiff,

v.

GEICO INDEMNITY COMPANY,

      Defendant.

_____/

**DEFENDANT GEICO INDEMNITY COMPANY'S AMENDED MOTION AND**
**SUPPORTING MEMORANDUM TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, GEICO Indemnity Company ("GEICO Indemnity"), moves to dismiss Plaintiff, All X-Ray Diagnostic Services, Corp.'s, Amended Class Action Complaint (Dkt. 7) (the "Amended Complaint") for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for lack of standing.

The grounds and authority for this motion are set forth in the following memorandum. The memorandum is incorporated as part of this motion.

## **MEMORANDUM**

GEICO Indemnity respectfully submits the following memorandum in support of its Amended[1] Motion to Dismiss Plaintiff's Amended Complaint.

## **SUMMARY**

Plaintiff filed its Amended Complaint to "clarify" that it disclaims any request for Personal Injury Protection ("PIP") coverage/benefits (money damages) arising from GEICO Indemnity's alleged failure to properly pay benefits due under the governing insurance policy.  *See* Amended Complaint.[2]  Specifically, Plaintiff now alleges that "[t]his action does not assert a claim for any monetary relief."  *Id.* at ¶ 1.[3]

---

[1] GEICO Indemnity's original Motion to Dismiss the Amended Complaint (Dkt. 18) inadvertently used 1.5 spacing.  This Amended Motion corrects that formatting, and is double-spaced pursuant to the Court's Notice of Court Practice (Dkt. 5) entered in this case.

[2] GEICO Indemnity notes that despite Plaintiff's purported stipulation or disclaimer, the Amended Complaint still makes repeated references to coverage.  *See, e.g., id.* at ¶ 55(c) ("Defendant is preventing, delaying and hindering its insureds' abilities to receive insurance coverage to which they are entitled[.]")

[3] GEICO Indemnity disputes whether Plaintiff may stipulate or disclaim any purported entitlement to monetary or supplemental relief for members of the Proposed Class for purposes of avoiding CAFA jurisdiction pursuant to *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013); *see also Day v. Persels & Assocs., LLC*, 729 F.3d 1309, 1325 (11th Cir. 2013)); *Taylor v. Certified Legal Funding, Inc.,* No. 8:18-CV-27-EAK-MAP, 2018 WL 3860243, at *4 (M.D. Fla. July 3, 2018).

Moreover, Plaintiff's purported claims in this case are all based on past conduct – the alleged manner in which GEICO Indemnity *already* adjusted and issued a payment on Plaintiff's PIP claim relating to medical services rendered to Luis Pino (the "Insured").[4]  The Amended Complaint should be dismissed for failure to state a claim upon which relief can be granted and lack of standing for the following reasons:[5]

1.      ***Plaintiff's purported declaratory relief claim improperly seeks an advisory opinion***. Plaintiff's attempts to "clarify" in the Amended Complaint that it disclaims any entitlement to PIP coverage/benefits (money damages) or supplemental relief for itself. *See* Amended Complaint, ¶ 1.

Instead, Plaintiff says that it now seeks to simply have this Court issue a declaratory judgment that GEICO violated Florida Statute Sec. 627.736(5)(a)(2) by allegedly reducing payment of valid bills for medical and diagnostic services in an unlawful manner.  However, such a requested advisory opinion that GEICO "did something wrong" is not permitted under governing law.

2.      ***Plaintiff's injunctive relief claim fails because there is no substantial likelihood of future harm***.   Count II seeks injunctive relief requiring GEICO Indemnity to cease and desist from "*continuing* to violate Florida Statute Sec. 627.736(5)(a)(2) by unlawfully reducing payment of valid bills for medical and diagnostic services." Dkt. 7, at ¶ 56 (emphasis added). However, as

---

[4] GEICO Indemnity reserves its right to assert arguments as to the merits of Plaintiff's purported claims regarding the proper manner in which it adjusted Plaintiff's insurance claim (and whether PIP benefits remain or are exhausted) under the governing insurance policy at the appropriate stage in this case should any of Plaintiff's claims survive dismissal.

[5] Plaintiff has argued that this case should be remanded, rather than dismissed, given the Eleventh Circuit's recent decision in *A&M Gerber Chiropractic, LLC v. GEICO General Insurance Co.*, 925 F.3d 1205 (11th Cir. 2019) ("*Gerber*"). *See* Remand Motion.  However, this case is distinguishable from *Gerber* as set forth in GEICO's Response to the Remand Motion.  *See* Dkt. 19.

the purported assignee of the Insured, Plaintiff's purported injunctive relief claim arises from the manner in which GEICO Indemnity has already adjusted and paid the PIP claim for past medical services provided to the Insured.

A litigant seeking injunctive relief must sufficiently allege and ultimately prove a real and immediate threat of future injury. And the proper inquiry is whether there is a sufficient and substantial likelihood of future injury to the *Insured*, as the Plaintiff's assignor, and not the Plaintiff itself nor other members of a proposed class. Plaintiff has not sufficiently pled, and cannot otherwise show, a real and immediate threat of future injury in this case.

3. ***Plaintiff's injunctive relief claim fails because Plaintiff has an adequate legal remedy***. Plaintiff's purported injunctive relief claim further fails because Plaintiff has an adequate legal remedy. A breach of contract claim is available to Plaintiff (and members of the Proposed Class) to recover the alleged unpaid PIP coverage (money damages) at issue in this case.

4. ***Plaintiff improperly seeks to violate the rule against claims splitting***. Plaintiff seeks to pursue piecemeal litigation. Plaintiff's Amended Complaint attempts to disclaim its potential entitlement to PIP coverage/benefits for itself or members of the Proposed Class, and only seeks equitable relief to address an isolated issue – the alleged underpayment of PIP benefits.

However, all issues (and defenses) regarding the handling of the charges, bills, and claims are required to be considered for *each PIP claim* in a single action. Plaintiff therefore seeks to violate the PIP Statute and the claims-splitting rule.

5. ***Plaintiff's Amended Complaint seeks PIP Benefits despite its "Disclaimer" and the purported claims are subject to the PIP Pre-Suit Demand Requirement.*** GEICO Indemnity's Opposition to Plaintiff's Remand Motion – and the Remand Motion itself – along with the allegations in the Amended Complaint establish that the true nature of the relief sought is still PIP

benefits/monetary damages.  Notwithstanding Plaintiff's attempted "clarification" in the Amended Complaint, Plaintiff's (and members of the Proposed Class') attempted claims remain subject to the pre-suit demand letter requirement in Section 627.736, Fla. Stat.

## BACKGROUND

On September 18, 2020, Plaintiff filed this case against GEICO Indemnity in Florida Circuit Court (the "Complaint"). *See generally* Dkt. 1-2. On November 2, 2020, GEICO Indemnity removed this case to this Court pursuant to the Class Action Fairness Act. *See generally* Dkt. 1.

On December 10, 2020, Plaintiff filed a Motion for Remand (Dkt 11) (the "Remand Motion"). Plaintiff further filed the Amended Complaint on December 7, 2020. The Amended Complaint notes that it was filed "for clarification purposes only."  *See* Dkt. 7, n. 1. Specifically, Plaintiff alleges "[t]his action does not assert a claim for any monetary relief." *Id.* at ¶ 1.

Plaintiff's Complaint alleges that GEICO Indemnity engaged in an improper practice of failing to utilize the highest applicable Medicare Part B payment schedule, which allegedly violates § 627.736(5)(a)(2), Fla. Stat., when paying PIP claims. Dkt. 7, at ¶¶ 21- 22. Plaintiff purportedly asserts its claims via an Assignment of Benefits allegedly executed by the Insured who was allegedly involved in a car accident in 2020. Dkt. 7, at ¶¶ 3, 15, Ex. A.  The Insured purportedly sustained bodily injuries as a result of the accident, and Plaintiff submitted a PIP claim under the insurance policy that GEICO Indemnity issued to the Insured. Dkt. 7, at ¶¶ 11- 18.[6]

Plaintiff alleges that GEICO Indemnity improperly reduced its payments of Plaintiff's medical charges arising from the subject PIP claim. *See* Dkt. 1-2, at ¶¶ 20–21. Specifically,

---

[6] Plaintiff also contends that the Insured assigned his "rights and benefits" of an automobile insurance policy to Plaintiff.  Dkt. 7, at ¶¶ 3, 15, Ex. A.  GEICO Indemnity reserves its rights to dispute the validity of the purported Assignment of Benefits and whether it provides Plaintiff with standing to assert the relief sought in the Complaint.

Plaintiff alleges that GEICO Indemnity "failed to use the 2007 Medicare Part B OPPS payment schedule to determine the allowed amounts, which in this case would have been the highest applicable Medicare Part B schedule in accordance with Florida Statute Sec. 627.736(5)(a)(2)." *Id.* According to Plaintiff, Section 627.736(5) allegedly "requires the insurer to compare the amount allowed by the Medicare Part B participating physician's fee schedule for the year of the date of service to all of the 2007 Medicare Part B payment schedules – participating, limiting, and OPPS – and apply the highest one to a claim for PIP benefits." Dkt. 7, at ¶ 26. GEICO Indemnity's so-called failure to properly pay Plaintiff's claims allegedly violates Section 627.736(5)(a)(2). Dkt. 7, at ¶ 22.

Plaintiff alleges that the crux of this case is a dispute over the manner in which GEICO Indemnity is purportedly obligated to pay on PIP claims. Dkt. 7, at ¶ 47. Specifically, Plaintiff disputes GEICO Indemnity's alleged "unlawful reduction of valid bills for medical and diagnostic services provided to the Defendant's insureds in Florida[.]" *Id.* at p. 18(f), Prayer for Relief; *see also Id.,* at ¶¶ 10, 28, 31, 55- 56. Plaintiff also alleges that GEICO Indemnity issued similar policies to "thousands of other Florida residents and has consistently paid improperly reduced amounts to Plaintiff and members of the Class[.]" Dkt. 7, at ¶ 22.

Plaintiff asserts two Counts in the Amended Complaint arising from these allegations against GEICO Indemnity—a purported claim for declaratory relief under Count I, and a claim for injunctive relief under Count II.[7] *See generally* Dkt. 7. The Amended Complaint defines

---

[7] Plaintiff further seeks to recover attorneys' fees and costs pursuant to Section 627.428, Florida Statutes. Dkt. 7, at ¶¶ 52, 65, p. 18. GEICO Indemnity reserves its right to challenge Plaintiff's entitlement to the recovery of reasonable attorneys' fees and costs pursuant to Section 627.428, Fla. Stat. given its repeated statements and allegations that "[t]his action does not assert a claim for any monetary relief." *See* Dkt. 7, ¶ 1; *see also* Dkt. 7, ¶ 49 (alleging that this is "not an 'action for benefits'."); Motion, p. 1, n. 1 ("Plaintiff seeks no damages or supplemental relief in either the [Original] Complaint or the Amended Complaint.").

membership in the Proposed Class in terms of those who submitted *"bills* to GEICO for payment of PIP *benefits*." *See* Dkt. 7, at ¶ 28.

Plaintiff asserts its purported declaratory and injunctive relief claims on behalf of itself and the following proposed class:

> All Florida healthcare providers who (a) are/were the assigns or assignees of covered insureds under an automobile insurance policy issued by GEICO as described in Fla. Stat. Sec. 627.736(1)(a); and (b) who at any time during the Class Period *submitted bills to GEICO for payment of PIP benefits* for medical and/or diagnostic services; and (c) to whom GEICO failed to utilize the highest applicable Medicare Part B payment schedule pursuant to Florida Statute Sec. 627.736(5)(a)(2) *in determining the payment amount for the bills submitted.*

*Id.* (the "Proposed Class") (emphasis added).[8]  Plaintiff seeks to have the Proposed Class certified under Florida Rules of Civil Procedure 1.220(b)(1)(A), 1.220(b)(1)(B) and/or 1.220 (b)(2).  *See* Dkt. 7, at ¶ 1; p. 18(a), "Prayer for Relief."  The alleged class period is September 18, 2015 to the present. Dkt. 7, at ¶ 28 (the "Proposed Class Period").

Count I seeks a declaration regarding the Parties' rights and obligations regarding a "determination of the Medicare Part B payment schedule(s) that the Defendant is required to utilize when determining an approved amount[.]" Dkt. 7, at p. 18(e), "Prayer for Relief."  Plaintiff further alleges with respect to Count I that "GEICO systematically and routinely improperly interpreted and/or applied Florida Statute Sec. 627.736(5)(a)(2), adversely affecting Plaintiff and each Class member." *Id.* at ¶ 36.

Count II seeks injunctive relief requiring GEICO Indemnity to cease and desist from "continuing to violate Florida Statute Sec. 627.736(5)(a)(2) by unlawfully reducing payment of

---

[8] GEICO Indemnity denies that the Proposed Class is properly defined and that this case is proper for class treatment under the Florida or Federal Rules of Civil Procedure and governing authority. GEICO Indemnity reserves the right to challenge the sufficiency of Plaintiff's class allegations, as well as the class treatment of this case, at the appropriate stage.

valid bills for medical and diagnostic services." Dkt. 7, at ¶ 56.  Plaintiff further alleges that GEICO

retained "monies due and owing to Plaintiff and Class members[.]" Dkt. 7, at ¶ 54.  Plaintiff

additionally alleges that GEICO Indemnity "is preventing, delaying and hindering its insureds'

abilities to receive insurance coverage to which they are entitled, and this will lead to incalculable

or unascertainable losses to third parties." Dkt. 7 at ¶ 55(c).

Plaintiff's Amended Complaint makes *27* references to PIP benefits *or* coverage (as

opposed to 29 references in the Original Complaint) and continues to rely on an Assignment of

*Benefits* to assert this case.  *See, e.g.,* Dkt. 7, ¶¶ 2-3, 17, 18, 22, 31, 40; *see also* Dkt. 7, ¶ 55(c)

(alleging that GEICO Indemnity is "preventing, delaying and hindering its insureds' abilities to

receive insurance coverage to which they are entitled, and this will lead to incalculable or

unascertainable losses to third parties.").  Plaintiff's Amended Complaint further specifically

alleges that it "provides diagnostic services to Florida residents who have sustained personal

injuries in motor vehicle collisions, and who have assigned to Plaintiff the right to collect "PIP"

benefits[.]"  *See* Dkt. 7, ¶ 2.[9]

The Amended Complaint alleges that "[t]his action does not assert a claim for any

monetary relief."  *Id.* at ¶ 1.[10]   But there can be no real dispute or doubt that this case is indeed

about the payment of allegedly owed PIP coverage/benefits despite Plaintiff's attempt to avoid

expressly asserting a breach of contract claim in Amended Complaint, and making certain

"clarifying" allegations that this action does not seek monetary relief or damages. *See generally*

---

[9] The Amended Complaints further alleges that "Luis Pino was a patient at Plaintiff, ALL X-RAY, who is and/or was an insured or omnibus insured under an automobile insurance policy providing [PIP] benefits issued by the Defendant, GEICO, and who assigned his rights and benefits of said automobile insurance policy to Plaintiff, ALL X-RAY[.]".  *See* Dkt. 7, ¶ 3.

[10] GEICO Indemnity disputes whether Plaintiff may stipulate or disclaim any purported entitlement to monetary or supplemental relief for members of the Proposed Class for purposes of avoiding CAFA jurisdiction pursuant to *Standard Fire Ins. Co. v. Knowles*, 133 S. Ct. 1345, 1348 (2013).

Dkt. 1-2 and Dkt. 7.  However, should the Court be inclined to accept – and rely upon – Plaintiff's purported "clarification" despite these many references to benefits or coverage, it is clear the Amended Complaint improperly seeks nothing more than a finding that GEICO Indemnity "did something wrong."

## ARGUMENT

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555. However, a complaint must also contain enough facts to indicate the presence of the required elements. *See Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1302 (11th Cir. 2007). And "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002).

### I.     Plaintiff's Declaratory Relief Claim Seeks an Improper Advisory Opinion.

Plaintiff seeks declaratory relief for itself and members of the Proposed Class as to whether GEICO Indemnity properly limited its payment of PIP claims.  Specifically, Plaintiff alleges that:

> Plaintiff and Class members are in doubt as to their rights and a bona fide present controversy exists between the Plaintiff and Class members and the Defendant concerning the proper interpretation and/or application of the PIP Statute and the language of Defendant's insurance policy, and the parties' respective rights and obligations thereunder, with respect to whether, during the Class Period, the *Defendant was lawfully authorized to issue payments to Class members* for personal injury protection benefits strictly utilizing the participating physicians fee schedule of Medicare Part B for 2007.

Dkt. 7, at ¶ 47 (emphasis added).  However, the Amended Complaint also alleges "[t]his action does not assert a claim for any monetary relief." *Id.* at ¶ 1. Plaintiff therefore merely asks this Court to

issue a finding that GEICO violated Section 627.736(5)(a)(2), Florida Statutes (2012-2019).  This type of requested declaratory relief shows that Plaintiff is seeking an improper advisory opinion.

Federal courts cannot issue advisory opinions pursuant to the Federal Declaratory Judgment Act.[11]  *See Glen v. Club Mediterranean, S.A*., 365 F. Supp. 2d 1263, 1272-73 (S.D. Fla. 2005) (citing *Church v. City of Huntsville*, 30 F.3d 1332, 1335 (11th Cir. 1994) (holding that "[w]hile the Declaratory Judgment Act confers upon a court the power to 'declare the rights and other legal remedies of any interested party seeking such declaration, whether or not further relief is or could be sought, 28 U.S.C. § 2201, it does not authorize this Court to issue an advisory opinion regarding a defendant's alleged violation of a federal statute.'")); *see also Patel v. Catamaran Health Solutions, LLC*, No. 15-cv-61891-BLOOM/Valle, 2016 WL 5942475, at *6 (S.D. Fla. Jan. 14, 2016) (quoting *Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings*, 661 So. 2d 1190, 1193 (Fla. 1995) (per curiam)) (finding that "Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, and rest in the future.").

Accordingly, to the extent that Plaintiff merely seeks an order from the Court finding that GEICO Indemnity's violated § 627.736(5)(a)(2), Fla. Stat. (2012-2019), by failing to properly adjust PIP claims, it seeks an improper advisory opinion.  Plaintiff's declaratory relief claim therefore fails.

---

[11] Because the matter is now in federal court, Plaintiff's claim is construed as a claim for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See, e.g., Gotthoffer v. Hartford Ins. Co. of the Midwest*, No. 20-cv-80454-MIDDLEBROOKS, 2020 WL 6326152 at *1–2 (S.D. Fla. Mar. 31, 2020) (finding that on a motion to dismiss a claim for declaratory judgment that was removed to federal court on the basis of diversity jurisdiction, the Court "construe[s] it as Plaintiff brings it under the Federal Declaratory Judgment Act because federal courts apply federal law to procedural matters," and ultimately dismissing the declaratory judgment claim).

## II.    Plaintiff's Injunctive Relief Claim Fails Because It Does Not Allege a Substantial Likelihood of Future Harm.

Count II purportedly seeks injunctive relief requiring GEICO Indemnity to cease and desist from "*continuing* to violate Florida Statute Sec. 627.736(5)(a)(2) by unlawfully reducing payment of valid bills for medical and diagnostic services." Dkt. 7, at ¶ 56 (emphasis added).  However, Plaintiff's purported injunctive relief claim arises from the manner in which GEICO Indemnity has already adjusted and paid the PIP claim for *past* medical services "provided" to the Insured. *See* Dkt. 7, at ¶¶ 12, 14, 17.

"In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears that there is a substantial likelihood that he will suffer injury in the future." *Malowney v. Fed. Collection Dep. Group*, 193 F.3d 1342, 1346 (11th Cir. 1999). The Eleventh Circuit recently explained the requirement that injunctive relief claims focus on *future* injury (in reversing class certification of a PIP billing class action asserted by medical providers) in *AA Suncoast Chiro. Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F. 3d 1170, 1175 (11th Cir. 2019).

The medical providers in *AA Suncoast Chiropractic Clinic, P.A.* were operating under assignments from insureds and sought class-wide damages and declaratory/injunctive relief for purported billing underpayments by an insurance carrier. *Id*. The Eleventh Circuit held that the requests for equitable relief were improperly based on allegations of the insurer's failure to pay past bills:

> Simply put, the denial of insurance coverage in this case – whether framed as lost money, or as a lost opportunity to get money – is a retrospective harm. Suncoast counters that Progressive continues to refuse to provide further claims-handling based on its unlawful EMC practices, so Plaintiffs plainly have a forward-looking interest in an injunction requiring Progressive to resume claims handling. What Suncoast is not saying in that statement is that it has an interest in the proper handling of future claims. Instead, it has an ongoing interest in getting paid for past claims that have been rejected. *But a "forward-looking interest" in redressing a*

> *past harm – the failure to pay all benefits allegedly owed for past claims that were already denied – is not the same thing as a future injury. And without any threat of future injury, injunctive relief is unavailable.*

*AA Suncoast Chiropractic Clinic, P.A.*, 93 F. 3d at 1176 (citations omitted) (emphasis added). An injunction claim must therefore focus on potential future injury, not retrospective injury.[12]  The requested injunction in this case involves the same type of backward-looking relief requested – and soundly rejected – in *AA Suncoast Chiropractic Clinic, P.A.*

The Eleventh Circuit has recently further clarified that the proper inquiry is whether there is a sufficient and substantial likelihood of future injury to the *Insured* (as the Plaintiff's assignor) – not the potential future injury to Plaintiff or members of the Proposed Class. *Gerber*, 925 F.3d at 1211 (holding that "[i]n this case, [the assignee plaintiff-provider], stands in [the assignor insured's] shoes. It necessarily follows, then, that if [the assignor insured] had no standing to file this case against GEICO, [the assignee plaintiff-provider] has no standing either"). The Eleventh Circuit held that if the Insured (assignor) does not have the requisite, substantial threat of future injury, then the Plaintiff (assignee) does not either, given that it is acting under a purported assignment of benefits from (and standing in the shoes of) the Insured.  *Id.*

Plaintiff has not pled a substantial likelihood of a real and immediate threat of future injury to the Insured.  Plaintiff attempts to allege four types of purported "future" irreparable injury under its claim for injunctive relief—specifically, that the following will occur should the Court deny its requested injunctive relief prohibiting GEICO Indemnity from limiting PIP payments:

> (1)     Plaintiff and the Proposed Class would have to address GEICO Indemnity's acts "with a multiplicity of lawsuits in various different county courts . . . with the risk of suffering inconsistent and varying results,"

---

[12] *See also, e.g., Gerber*, 925 F. 3d at 1211; *Revival Chiro., LLC*, 2020 WL 6276023, at *4; *Randy Rosenberg, D.C. v. GEICO Indemnity Co.*, No. 19-cv-61421, 2019 WL 3817458, at *3 (S.D. Fla. Aug. 14, 2019).

11

(2) GEICO Indemnity is required by the PIP Statute to "utilize the highest applicable 2007 Medicare Part B payment schedule to determine the approved amount for the CPT codes billed, and [it] should not be permitted to reduce payment of claims submitted to it by failing to use said schedule,"

(3) it would "lead to incalculable or unascertainable losses to third parties" caused by the hindering of insureds' abilities to receive insurance coverage, and

(4) it would put "PIP insureds at risk that health care providers will refuse to treat them without receiving full payment in advance of receiving health care services needed to properly treat and/or diagnose their health condition, and this will lead to incalculable or unascertainable losses to third parties."

Dkt. 7, at ¶¶ 55(a)- (d).

However, with respect to whether Plaintiff individually has standing as the purported *assignee of the Insured*, Plaintiff has not alleged a substantial likelihood of future injury *to the Insured*. First, there is no substantial likelihood that the Insured would be subject to a "multiplicity of lawsuits in various different county courts . . . with the risk suffering inconsistent and varying results." This case specifically concerns the Insured and the Insured's own PIP benefits arising from medical treatment at issue *that has already been provided*.

It is therefore unlikely that *the Insured* would be subject to a "multiplicity of lawsuits in various different county courts . . . with the risk of suffering inconsistent and varying results." It is similarly unlikely that Plaintiff can show that *the Insured* is likely to submit a bill seeking payment of PIP benefits to GEICO Indemnity and have the bill paid at a reduced amount without GEICO Indemnity utilizing "the highest applicable 2007 Medicare Part B payment schedule to determine the approved amount for the CPT codes billed[.]" Dkt. 7, at ¶ 55(b),

Moreover, to the extent that Plaintiff is attempting to allege that this future injury will still be suffered by members of the *Proposed Class*, this does not excuse Plaintiff from meeting the injury-in-fact requirement. "[T]he proper inquiry in this case must focus on the potential future injury to [the plaintiff-provider's assignor, *the insured*], *not* to [the plaintiff-provider itself], *or other members of the class*." *Gerber*, 925 F.3d at 1215 (emphasis added).

12

Moreover, Plaintiff's alleged future losses to "third parties" without any description of the purported loss other than a potential general hindering of access to insurance coverage is similarly insufficient.  Dkt. 7, at ¶ 55(c).  As discussed above, it is the substantial likelihood of future injury to the *Insured*, as Plaintiff's purported assignor, that counts. *Gerber*, 925 F.3d at 1215 (emphasis added).  Unidentified and nameless "third parties" that may suffer unidentified and "incalculable or unascertainable losses" are not a relevant consideration.  Dkt. 7, at ¶ 55(c).

Finally, Plaintiff's alleged future injury that GEICO Indemnity's PIP insureds "risk that health care providers will refuse to treat them without receiving full payment in advance[]," is simply too contingent to constitute a "substantial likelihood" of future injury.  Dkt. 7, at ¶ 55(d).  This alleged future injury is necessarily based on the "possibility that [the insured] may someday be in another car accident; sustain an injury entitling him to PIP benefits; and still be insured by GEICO under the same or a similar policy being interpreted the same way, thereby having this issue present itself again." *Id.*; *see also Gerber*, 925 F.3d at 1215.

Again, unidentified and nameless "third parties" that may suffer unidentified and "incalculable or unascertainable losses" are not a relevant consideration.  Dkt. 7, at ¶ 55(d); *Gerber*, 925 F.3d at 1215.  As the Eleventh Circuit recognized in *Gerber*, this exact type of possibility – that would need to occur for Plaintiff's alleged future injury in this case to actually happen – is merely conjectural, hypothetical, and contingent. *See id.*

Plaintiff lacks standing to pursue the injunctive relief claim as the purported assignee of the *Insured*.  Plaintiff therefore similarly and consequently lacks standing to assert this purported claim on behalf of the Proposed Class.[13]  Count II should be dismissed with prejudice.

---

[13] *See, e.g.*, *Jones v. TT of Longwood, Inc.*, No. 6:06-cv-651-Orl-19DAB, 2007 WL 2298020 at *8 (M.D. Fla. Aug. 7, 2007) ("No class action may proceed unless there is a named plaintiff with standing to represent the class. '[I]f none of the named plaintiffs purporting to represent a class

### III.     The Injunctive Relief Claim Fails Because Plaintiff has an Adequate Legal Remedy.

Plaintiff's purported injunctive relief claim further fails because Plaintiff has an adequate legal remedy.  A breach of contract claim is available to Plaintiff and could adequately vindicate Plaintiff's claimed right to recover the alleged unpaid PIP coverage (money damages) at issue.

"It is well-settled that 'equitable relief is available only in the absence of an adequate remedy at law.'" *Central Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Auto. Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011) (quoting *SME Racks, Inc. v. Sistemas Mecanicos Para, Electronica, S.A.*, 243 F. App'x. 502, 503 (11th Cir. 2007) (citations omitted)) (emphasis added). "'In order to receive declaratory or injunctive relief, plaintiffs must establish that there was a violation, that there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law.'" *Id.* (quoting *Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000)). "'The critical question is whether there exists an adequate remedy at law, not whether the moving party prefers one remedy to another.'" *Id.* (quoting *SME Racks, Inc.*, 243 F. App'x. at 503–04 (emphasis added)).

Plaintiff merely makes a conclusory statement in the Amended Complaint that it lacks an adequate remedy at law.[14]  *See* Dkt. 7, at ¶ 58.  However, that general allegation is contradicted by the allegations and requested relief in the Amended Complaint.  It makes 27 references to PIP benefits or coverage and continues to rely on an Assignment of *Benefits* to assert this case.  *See,*

---

establishes a requisite of a case of controversy with the defendants, none may seek relief on behalf of himself or any other members of the class.'") (internal citations omitted).

[14] To the extent that this Court finds that the true nature of the relief sought is PIP benefits/monetary damages despite Plaintiff's attempted "clarification" in the Amended Complaint, Plaintiff's (and proposed class members') attempted injunctive relief claims further fail given that they have an adequate remedy at law – breach of contract claims – like those frequently filed in state courts seeking additional PIP benefits pursuant to Section 627.736, Fla. Stat.

*e.g.,* Dkt. 7, ¶¶ 2-3, 17, 18, 22, 31, 40; *see also* Dkt. 7, ¶ 55(c) (alleging that GEICO Indemnity is "preventing, delaying and hindering its insureds' abilities to receive *insurance coverage* to which they are entitled, and this will lead to incalculable or unascertainable losses to third parties.").  The Amended Complaint further specifically alleges that it "provides diagnostic services to Florida residents who have sustained personal injuries in motor vehicle collisions, and *who have assigned to Plaintiff the right to collect "PIP" benefits[.]" See* Dkt. 7, ¶ 2 (emphasis added).

For example, Count II alleges that it seeks injunctive relief requiring GEICO Indemnity to cease and desist from "continuing to violate Florida Statute Sec. 627.736(5)(a)(2) by unlawfully reducing *payment of valid bills* for medical and diagnostic services *provided* to the Defendant's PIP insureds." *See* Dkt. 7, at ¶ 56 (emphasis added). Count II further asserts that GEICO Indemnity "continues to retain *monies* due and owing to Plaintiff and Class member[s] for medical services provided by Plaintiff and Class members *which should have been paid* by Defendant from its insureds' Personal Injury Protection benefits."  Dkt. 7, at ¶ 54 (emphasis added).

Moreover, Count II alleges several examples of the purported injury in the form of unpaid PIP benefits caused by GEICO Indemnity's alleged conduct. For example, Plaintiff alleges that GEICO Indemnity "is preventing, delaying and hindering its insureds' abilities to receive insurance *coverage* to which they are entitled, and this will lead to incalculable or unascertainable losses to third parties." *See* Dkt. 7, at ¶ 55(c) (emphasis added).

Plaintiff further alleges that GEICO Indemnity's alleged conduct is putting "PIP insureds at risk that health care providers will refuse to treat them without receiving *full payment in advance* of receiving health care services needed to properly treat and/or diagnose their health condition[.]" *Id.* at ¶ 55(d) (emphasis added).  Additionally, in Plaintiff's "Prayer for Relief" concerning its request for an injunction, Plaintiff again makes clear that the purpose for such relief stems from

15

GEICO's alleged, "unlawful *reduction of valid bills*." *See* Dkt. 7, p. 18(f), "Prayer for Relief" (emphasis added); *see also* Dkt. 7, at ¶ 10.

All of these allegations make it clear that not only does an adequate remedy at law exists in the form of a breach of contract claim, the Amended Complaint attempts to artfully plead such a claim despite its disclaimer of monetary damages.  *See* Dkt. 7, at ¶ 1.  Moreover, and perhaps most significantly, Plaintiff acknowledges in the Remand Motion that:

> It is the Plaintiff's position that (1) in the event the Court enters a declaratory judgment in favor of the Plaintiff ruling the Defendant is required by the statute and its policy to utilize the highest Medicare Part B payment schedule in the reimbursement of a valid claim for PIP benefits, *the Defendant would have an obligation to issue any payments for all valid claims for PIP benefits* with **no action** from the Plaintiff or the Class members in accordance with 627.736(11), Florida Statutes, and (2) *if the Defendant fails to issue any payments due* despite a declaratory judgment in favor of the Plaintiff in violation of 627.736, the Plaintiff [] is in need of the declaration of its rights **prior to** the submission of a "demand letter" to ensure compliance with Florida Statute 627.736(10).

*See* Dkt. 11, p. 9 (emphasis added in italics, emphasis in original in bold). There is no doubt Plaintiff seeks money damages and a breach of contract claim can adequately address this relief.

Plaintiff's claim for injunctive relief entirely arises from GEICO's alleged, wrongful conduct in purportedly *breaching* the governing policy and PIP Statute by *underpaying* Plaintiff's PIP claim for services already rendered.  The only alleged injury are the reduced benefits allegedly owed to Plaintiff. This is the exact type of relief (monetary damages) that a litigant may seek to recover *after* complying with the statutory pre-suit demand requirements that the Florida Legislature designed and established in Section 627.736, Fla. Stat.

Plaintiff therefore has an adequate legal remedy in the form of money damages through a breach contract claim arising from the governing insurance policy and PIP statute, but only *after* satisfying the condition precedent of serving a pre-suit demand pursuant to § 627.736, Fla. Stat.

16

Simply put, this case presents the classic example of a situation where the litigant has the ability to seek monetary damages for the alleged conduct at issue.[15]  Plaintiff may not ignore that a legal remedy exists simply because it prefers to pursue equitable relief in the form a requested injunction.  *Id.* (quoting *SME Racks, Inc.*, 243 F. App'x. at 503–04 (emphasis added)) (holding that "'[t]he critical question is whether there <u>exists</u> an adequate remedy at law, <u>not</u> whether the moving party <u>prefers</u> one remedy to another.'").

### IV.     Plaintiff Attempts to Violate the Bar Against Claim-Splitting.

Plaintiff may attempt to stipulate that it is not seeking to recover PIP coverage/benefits in the form of monetary damages for itself or members of the Proposed Class. However, the PIP Statute and the well-established rule against claims-splitting require that all damages sustained as a result of a single wrongful act be asserted in one action. *See* Fla. Stat. § 627.736(15) (requiring that a PIP plaintiff generally must bring "all claims related to the same health care provider for the same injured person in one action[.]"); *Vanover v. NCO Fin. Servs., Inc*., 857 F.3d 833, 843 (11th Cir. 2017).[16]

---

[15] *See, e.g.*, *Central Magnetic Imaging Open MRI of Plantation, Ltd.*, 789 F. Supp. 2d at 1312–14, 1317–18 (dismissing a similarly-pled class claim for injunctive relief because plaintiff-provider had an adequate legal remedy of monetary damages through a claim for breach of the policy and PIP statute, where the claim arose from the PIP insurer's alleged improper use of the Medicare Multiple Diagnostic Imaging Rule to underpay claims, and where plaintiff alleged that without the injunction, plaintiff and the class would need to engage in "continuous" legal actions regarding reductions, and that plaintiff and the class would be discouraged from treating insureds under similar PIP policies; court found that based upon allegations, plaintiff had "an adequate legal remedy—damages for breach of contract"); *SME Racks, Inc.*, 243 F. App'x. at 503.

[16] *See also, e.g., Aquatherm Indus., Inc. v. Fla. Power & Light Co*., 84 F.3d 1388, 1395 (11th Cir. 1996); *Kelecseny v. Chevron, U.S.A., Inc*., 262 F.R.D. 660, 673 (S.D. Fla. 2009) (finding that the claim-splitting rule "applies with equal force in the class action context"); *Horton v. Metro. Life. Ins. Co*., 459 F. Supp. 2d 1246, 1250 (M.D. Fla. 2006); *Bryant v. Tarman*, 21 So. 3d 137, 137 (Fla. 5th DCA 2009) (auto accident claim for bodily injury and property damage could not be split).

Plaintiff seeks to assert declaratory and injunctive relief claims that arise from GEICO Indemnity's purported underpayment of PIP benefits.  But Plaintiff attempts to do so  through only equitable claims, and does not raise all issues or claims that Plaintiff (and members of the Proposed Class) may have relating to these alleged underpayments. Nor is GEICO Indemnity able to raise all applicable defenses given that all issues or claims are not asserted in this case.

Florida's Second District Court of Appeal addressed and rejected an analogous situation in *Florida Farm Bureau Gen. Ins. Co. v. Peacock's Excavating Serv., Inc.*, 186 So. 3d 6 (Fla. 2d DCA 2015). The *Peacock's* decision held that in considering a declaratory relief claim, a court becomes "fully empowered and should completely adjudicate *all* the rights of the parties relating to coverage, liability and damages in order that the rights of the parties not be determined in a piecemeal fashion." *Id.* at 9 (emphasis added).

The *Peacock's* decision rejecting a fractured approach to litigation applies in this case given that the very purpose of a claim for declaratory relief is "to obtain a final resolution of all the aspects of the controversy between litigants in a single action." *Id*. *Peacock's* therefore refused to review an underlying judgment that simply disposed of the issue of the insurer's duty to defend – but did not dispose of the issue of the duty to indemnify or other issues.  *Id*.

This case seeks to assert a class action that addresses an isolated issue under the PIP Statute – GEICO Indemnity's alleged underpayment of PIP benefits. Plaintiff claims to only be seeking equitable relief regarding GEICO Indemnity's calculation and payment methodology of PIP claims. However, members of the Proposed Class – and Plaintiff itself – will undoubtedly have other issues related to GEICO Indemnity's handling of the implicated charges, bills, and claims to achieve an actual determination of liability. And GEICO Indemnity will have defenses.

For instance, there may be individualized disputes over GEICO Indemnity's reductions based on the application of the PIP Statute's emergency medical condition provisions (Fla. Stat. § 627.736(1)(a)3.-4.), reductions based on GEICO Indemnity's determination that the treatment at issue was not reasonable or medically necessary (Fla. Stat. § 627.736(1)(a) and (5)(a)), reductions or denials based on improper coding or bill submissions (Fla. Stat. § 627.736(5)(d)), reductions or denials based on untimely billing (Fla. Stat. § 627.736(c)), and/or reductions or denials on charges from brokers or based on false statements (Fla. Stat. § 627.736(b)(1)). An individualized determination is required to determine the unique aspects of *each* Proposed Class Members' PIP claim and which of these issues may apply to achieve finality.

This case therefore fails to address all of the necessary aspects of the controversy between the litigants similar to the circumstances at issue in the *Peacock's* decision.[17] Plaintiff's proposed piecemeal litigation violates the bar against claims-splitting in the PIP Statute and Florida law. *See* Fla. Stat. § 627.736(15); *Miller v. Allstate Ins. Co*., 650 So. 2d 671, 673-674 (Fla. 3d DCA 1995). Plaintiff's Amended Complaint should be dismissed for this additional reason.

**V.    Plaintiffs' Claims Are Subject to the Pre-Suit Demand Requirements.**

To the extent that this Court finds that the true nature of the relief sought is PIP benefits/monetary damages despite Plaintiff's attempted "clarification" in the Amended Complaint, Plaintiff's (and members of the Proposed Class') attempted claims remain subject to the pre-suit demand letter requirement in Section 627.736, Fla. Stat.

---

[17] Section 627.736(15) is specifically designed to prevent piecemeal litigation similar to what Plaintiff seeks to accomplish in this case.  The requirement to assert all applicable issues in a single action is likely the reason that class actions seeking PIP benefits are generally infeasible. *See, e.g.*, *Ocean Harbor*, 261 So. 3d at 648 (reversing class action against PIP insurer, because establishing liability will necessarily devolve into a series of mini-trials under Florida no-fault law); *IDS Prop. Cas. Ins. Co. v. MSPA Claims 1, LLC*, 263 So. 3d 122, 124-25 (Fla. 3d DCA 2018).

The pre-suit demand letter requirement in the PIP Statute applies to equitable relief claims. *See, e.g., Ocean Harbor Cas. Ins. Co.*, 261 So. 3d at 648; *Bristol West Ins. Co. v. MD Readers, Inc.*, 52 So. 3d 48, 51 (Fla. 4th DCA 2020);[18] *DWFII Corp.*, 271 F.R.D. at 685 (S.D. Fla. 2010); *MRI Assocs. of St. Pete, Inc.*,755 F. Supp. 2d at 1207–08; *Shenandoah Chir., P.A.*, 526 F. Supp. 2d at 1290; *Pan Am Diagnostic Servs., Inc. v. Equity Ins. Co.*, 22 Fla. L. Weekly Supp. 814a (Fla. 11th Jud'l Cir. Dec. 11, 2014); *Progressive Health Servs., Inc.*, 22 Fla. L. Weekly Supp. 816a.[19] There can be no doubt that this case seeks to obtain additional PIP coverage/benefits. *See* Dkt. 7. The pre-suit demand letter requirement as a condition precedent therefore applies.

## **CONCLUSION**

GEICO respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice for the reasons set forth above.

---

[18] *But see Virga v. Progressive Amer. Ins. Co.,* 215 F. Supp. 3d 1320, 1323 (S.D. Fla. 2016) (holding "the Court is skeptical" where the plaintiff-provider "insists that the claim 'merely seek[s] declaratory relief and seeks no money damages," and only an "an order 'declaring that Class Members are entitled to an adjustment and order[ing] Defendant to adjust their claims'").

[19] *See also, e.g.*, *S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317–18 n. 3 (11th Cir. 2014) (disagreeing with plaintiff-provider's contention that its declaratory relief class claim did not seek damages, because "[it] would establish that [the PIP insurer] provided members of the putative class with insufficient payment on bills that have already been incurred, and it would give those class members a right to receive additional payment"); *Revival Chiro., LLC v. Allstate Ins. Co.*, No. 6:19-cv-445-Orl-40LRH, 2020 WL 6276023 (M.D. Fla. Sept. 30, 2020) (finding in a putative class action against PIP insurers that a declaratory judgment claim that the insurer violated § 627.736(5)(a) was really a request for "money damages," and agreeing further with the insurer that the requested "declaration that money is owed is a Trojan horse with money damages inside").

Respectfully submitted,

*/s/ Kristen L. Wenger*
John P. Marino (FBN: 814539)
Edward K. Cottrell (FBN: 13579)
Kristen L. Wenger (FBN: 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Phone:  (904) 598-6100
Facsimile:  (904) 598-6204
jmarino@sgrlaw.com
ecottrell@sgrlaw.com
kwenger@sgrlaw.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I certify that on January 27, 2021, I electronically filed the foregoing document with the

Clerk of Court using the CM/ECF system, which will provide notice and a copy of this document

to the counsel of record in this case.

*/s/ Kristen L. Wenger*
Attorney