UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

CASE NO. 1:20-cv-24500-DPG

**ALL X-RAY DIAGNOSTIC SERVICES, CORP.**, as assignee,
on behalf of itself and all others similarly situated,

    Plaintiff,
vs.

**GEICO INDEMNITY COMPANY**,

    Defendant.
_____/

## PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, ALL X-RAY DIAGNOSTIC SERVICES, CORP. ("Plaintiff" or "ALL X-RAY"), as assignee of Luis Pino, by and through undersigned counsel and pursuant to 28 U.S.C. §1447(c), hereby files this Reply to the Defendant's Memorandum in Opposition to the Plaintiff's Motion for Remand and Incorporated Memorandum of Law (ECF No. 19), filed by the Defendant (hereinafter referred to as "Geico"), and in support states as follows:

### I.    SUMMARY OF REBUTTAL

The Defendant's Memorandum in Opposition fails in all respects to dispute the fact that this matter fails to satisfy the Article III standing requirement for declaratory relief claims as there is no reasonable expectation of future injury. The Defendant's argument that it has satisfied the Class Action Fairness Act (hereinafter referred to as "CAFA") requirements is misplaced, as the satisfaction of CAFA requirements does not eliminate the Article III standing requirement. Lastly, the Defendant incorrectly argues that the Plaintiff's complaint in this matter is seeking damages,

when in fact, the alleged merits, relief requested and prayer for relief in both the original or amended complaint clearly show that the Plaintiff seeks no damages or monetary relief.[1]

## II. REBUTTAL

### a. Federal law requires remand as there is no Article III standing in this matter.

The Plaintiff's complaint fails to satisfy Article III standing requirements as it does not allege any facts from which it appears there is a "substantial likelihood that he will suffer injury in the future." *Gerber*, 925 F.3d at 1210-1211 (citing *Malowney v. Federal Collection Deposit Grp.*, 193 F.3d 1342, 1346 (11th Cir. 1999); *accord Strickland v. Alexander*, 772 F.3d 876, 883 (11th Cir. 2014. "In order to demonstrate that a case or controversy exists to meet the Article III standing requirement when a plaintiff is seeking injunctive or declaratory relief, a plaintiff must allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future." *Malowney,* 193 F.3d at 1346 (*citations omitted*). "Injury in the past, however, does not support a finding of an Article III case or controversy when the only relief sought is a declaratory judgment." *Id.* at 1348 (*citations omitted*).

The Defendant argues to this court that the decision in *A & M Gerber Chiropractic, LLC v. Geico Gen. Ins. Co.*, 925 F.3d 1205 (11th Cir. 2019) is inapplicable to this case on the grounds that benefits were exhausted in that case. This argument is misplaced. The holding in the *Gerber* case is consistent with all the seminal cases on the issue of Article III standing. The court in *Gerber* held "when a plaintiff is seeking declaratory relief without a claim for money damages for injuries already suffered, the plaintiff must allege facts from which it appears that there is a substantial likelihood that he will suffer injury in the future." *Citing e.g., Strickland*, 772 F.3d at

---

[1] ECF 1-2 and 7 at ¶¶ 6&9 (issue alleged in matter/no benefits sought), 11-22 (past transactions), 28 (common injury in the past ending upon filing of suit), page 19; e. & f. (prayer for relief limited to interpretation of statutory language and request to cease and desist).

2

883. The Court further held that it could "see no future threat to [the insured], other than the possibility that he may someday be in another car accident; sustain an injury entitling him to PIP benefits; and still be insured by GEICO under the same or a similar policy being interpreted the same way, thereby having this issue present itself again. But that is too contingent to constitute a "substantial likelihood" of future injury." *Id.* at 1215; *citing e.g., Emory,* 756 F.2d at 1552. Moreover, within her concurring opinion Judge Branch clarified that the only relevant inquiry is "whether Gerber and Carruthers have an interest in any future relief conferred by the declaration they seek." *Id.* at 1217. Further, she stated that "it does not matter how much money Gerber and Carruthers have been paid. . . .GEICO could not buy its way out of this declaratory judgment action – before or after the action began. A declaratory judgment lawsuit requires the plaintiff to prove a substantial likelihood of future harm." *Id.*

Glaringly absent from the Defendant's Memorandum of Law is any argument that Article III standing exists. The reason for this is simple, the Plaintiff has not alleged that there is a substantial likelihood of future harm. Thus, the Plaintiff's complaint does not establish Article III standing and this matter must be remanded to state court.

**b. Satisfaction of the CAFA requirements does not negate the requirement of Article III standing.**

The Defendant's main argument in opposition to remand is that it has satisfied the jurisdictional requirements of CAFA by asserting within its Notice of Removal that (i) there are at least 100 putative class members; (ii) diversity of citizenship exists between any class member and any defendant; and (iii) the amount in controversy exceeds the sum or value of $5,000,000,

exclusive of interest and costs. (ECF 19, p. 4). Contrary to what the Defendant has argued, there is <u>no</u> presumption against remand in cases removed under CAFA.[2]

The jurisdictional requirements of CAFA have not altered or negated the requirement for Article III standing. "Subject matter jurisdiction is triggered where CAFA jurisdictional requirements are met, but CAFA in no way negates the Article III standing requirement under the United States Constitution." *Randy Rosenberg, D.C., P.A. a/a/o Dorothy Johnson and Tina Scott v. Geico Indemnity Company*, 2019 WL 3817458 (11th Cir. August 13, 2019); *see also Grisham v. Welch Foods, Inc.*, 4:17-CV-3 RLW, 2017 WL 2257342, at *3 (E.D.Mo. May 22, 2017) (Article III threshold requirement not altered by CAFA)(citations omitted). The Defendant's argument that it has sufficiently alleged and established that the amount in controversy exceeds the CAFA jurisdictional threshold is irrelevant to the Article III standing requirements. CAFA remains firmly circumscribed by Article III not vice versa. *Wallace v. Conagra Foods, Inc.*, 747 F.3d 1025, 1032 (8th Cir. 2014). Any purported "right" of the Defendant to remove this case under CAFA does not trump Article III standing, which is a threshold determination. *See Id.; see also Bennett v. Spear*, 520 U.S. 154, 163 (1997) (Article III standing cannot be "negated" by Congress, "expressly" or otherwise).

The United States Constitution confines the power of federal courts as extending only to "cases" and "controversies," which is the basis for standing. *See* Article III, §2. "No principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Raines v. Byrd*, 521 U.S. 811, 818 (1997). Standing is thus a threshold determination and "'perhaps the most

---

[2] This exact argument made by the same defendant was wholly rejected by Judge Beth Bloom in the case of *Randy Rosenberg, D.C., P.A. a/a/o Dorothy Johnson and Tina Scott v. GEICO Ind. Co.*, 2019 WL 3817458 (Fla. S.D. August 13, 2019).

important' jurisdictional doctrine, and, as with any jurisdictional requisite, [courts] are powerless to hear a case when it is lacking." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410-12 (11th Cir. 1999)(once district court determined that it lacked subject matter jurisdiction over a removed case, it was required under § 1447(c) to remand the case to state court, not dismiss it).

### c. The Defendant has incorrectly argued that the Plaintiff's Complaint is seeking monetary damages.

Presumably recognizing that there is no risk of future injury in this matter, the Defendant seeks to convince this court by counting the words "benefits"[3] and "coverage" that the Plaintiff is seeking monetary damages despite the fact that the complaint specifically alleges that it is "not an 'action for benefits'". *See* ECF no. 1-2, ¶ 51[4]. Within paragraph 6 of the Plaintiff's complaint it states "Specifically, this case concerns the interpretation of the phrase used in Florida Statute Sec. 627.736(5)(a)(2)(2012-2019). . ." *See* ECF no. 1-2, ¶ 6. The Plaintiff's complaint is replete with allegations that this is an action for declaratory and/or injunctive relief only. ECF no. 1-2, ¶¶1, 5, 6, 9, 10, 27, 38, 49, 50, 51, 58. Moreover, the Plaintiff made no claim for damages or supplemental relief within its prayer for relief. *See* ECF no. 1-2, p. 19, e. & f.[5]

---

[3] The Defendant also appears to be twisting the Plaintiff's reference to the document titled "assignment of benefits" which merely gives the Plaintiff the right to "stand in the shoes of the insured" to somehow equate to a claim for monetary damages.

[4] ECF no. 1-2, ¶ 51 states as follows "Lastly, claims for declaratory actions are not subject to the pre-suit demand letter requirement of Sec. 627.736(10) Florida Statutes, **as the relief sought in this count is simply a declaration of the Class Plaintiff's rights under Sec. 627.736(5)(a)(2), Florida Statute (2012-2019) and Defendant's policy and not an "action for benefits".**" (emphasis added).

[5] ECF no. 1-2, p. 19 states as follows:
 e. For a declaratory judgment under Count I declaring the parties' respective rights and obligations under Florida Statute Sec. 627.736(5)(a)(2) and the Defendant's policy including,

The Defendant has incorrectly represented in both its Notice of Removal and Memorandum in Opposition to Plaintiff's Motion for Remand that the Plaintiff's complaint "includes a request for supplemental relief pursuant to Section 86.061, Fla. Stat.". *See* ECF no. 1, p.10; *See also* ECF no. 19, p. 14.  Neither the original nor the amended complaint cite to Section 86.061, Florida Statute or include a request for supplemental relief.  *See* ECF no. 1-2 & 7.  Furthermore, the Defendant argues to this court that the complaint requests attorneys' fees and costs pursuant to Section 627.428, Florida Statutes, "which allows for the recovery of attorneys' fees and costs in an action for benefits".  *See* ECF no. 19, p. 9.  This is a complete misstatement of the law.  Section 627.428, Florida Statutes (2020) states as follows:

> 1)   Upon the rendition of a judgment or decree by any of the courts of this state against an insurer and in favor of any named or omnibus insured or the named beneficiary under a policy or contract executed by the insurer, the trial court or, in the event of an appeal in which the insured or beneficiary prevails, the appellate court shall adjudge or decree against the insurer and in favor of the insured or beneficiary a reasonable sum as fees or compensation for the insured's or beneficiary's attorney prosecuting the suit in which the recovery is had.

As the Court can plainly see, Section 627.428(1) makes zero reference to "an action for benefits" nor does it require the recovery of benefits to determine entitlement to attorney's fees.

Lastly, the Defendant argues that remand should be denied alleging that this case is a "Trojan Horse" and in support thereof cites to the cases of *S. Fla. Wellness, Inc. v. Allstate Ins.*

---

but not limited to, an determination of the Medicare Part B payment schedule(s) that the Defendant is required to utilize when determining an approved amount;

f.   For temporary and/or permanent injunction under Count II requiring the Defendant to cease and desist from continuing to utilize and rely upon an erroneous interpretation of Section 627.736(5)(a)(2), Florida Statutes (2012-2019), which results in the unlawful reduction of valid bills for medical and diagnostic services provided to the Defendant's insureds in Florida;

*Co.*, 745 F.3d 1312 (11th Cir. 2014), *Revival Chiropractic, LLC. V. Allstate Ins. Co.*, No. 6:19-cv-445-Orl-40LRH, 2020 WL 6276023 (M.D. Fla. Sept. 30, 2020), *McLawhorn v. GEICO Ind. Co.*, Case No. 8:17-cv-156-T-33AEP, 2017 WL 1277744 (M.D. Fla. April 6, 2017) and *A&M Gerber Chiropractic LLC v. Geico Gen. Ins. Co.*, Case No. 16-cv-62610, 2017 WL 35519 (S.D. Fla. Jan. 3, 2017).  ECF no. 19, p. 17.  The Defendant's argument and reliance on the aforementioned cases is misplaced and inapplicable to Article III standing in this matter.  All the above-mentioned cases cited to by the Defendant dealt with the issue of calculating the amount in controversy for the purposes of CAFA jurisdiction in an action for declaratory judgment -- which has no bearing on Article III standing.

## CONCLUSION

Article III standing does not exist to support federal subject matter jurisdiction in this case.  In accordance with 28 U.S.C. §1447(c) and binding authority this case should be remanded because the Court lacks subject matter jurisdiction.

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I hereby certify that counsel for the movant conferred via e-mail on December 4, 2020 and December 9, 2020 with all parties who may be affected by the relief sought in this motion in good faith to resolve the issues raised in it, but has been unable to resolve the issues as Geico opposes the relief requested herein.

Dated:  January 29, 2021

**THE COYLE LAW FIRM, P.A.**
407 Lincoln Rd., Ste 8-E
Miami Beach, FL 33139
P:  305-604-0077
F:  305-602-9616
MCoyle@thecoylelawfirm.com
Service@thecoylelawfirm.com

        By: S/ Melisa Coyle_____
        Melisa Coyle, Esq.
        FBN: 791741

**BUCHALTER, HOFFMAN & DORCHAK LAW FIRM**
1075 NE 125th St Suite 202
North Miami, FL 33161
P: 305-891-0211
F: 305-891-2073
**kdorchak@bhdlawfirm.com**

    By: S/ Kenneth Dorchak_____
    Kenneth Dorchak, Esq.
    FBN: 912689

## CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2021, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will send notice of electronic filing to counsel of record on the below service list.

        By: S/ Melisa Coyle_____
        Melisa Coyle, Esq.