UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 1:20-cv-24500-DPG

**ALL X-RAY DIAGNOSTIC SERVICES, CORP.**, as assignee,
on behalf of itself and all others similarly situated,

    Plaintiff,
vs.

**GEICO INDEMNITY COMPANY**,

    Defendant.
_____/

### PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S AMENDED MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

Plaintiff, ALL X-RAY DIAGNOSTIC SERVICES, CORP. ("Plaintiff" or "ALL X-RAY"), as assignee of Luis Pino, by and through undersigned counsel hereby files this Response in Opposition to the Defendant's Amended Motion to Dismiss Plaintiff's Amended Complaint and Incorporated Memorandum of Law in response to the Defendant's Amended Motion to Dismiss (ECF No. 20), filed by the Defendant (hereinafter referred to as "Geico"), and in support states as follows:

### INTRODUCTION

This case was filed in state court pursuant to Fla. R. Civ. P. 1.220(b)(1)(A) and/or 1.220(b)(2) and Chapter 86, Florida Statutes. On November 2, 2020, the Defendant filed its Notice of Removal. (ECF No. 1). On November 30, 2020, the Defendant filed its Motion to Dismiss the Plaintiff's Complaint. (ECF. No. 6). On December 9, 2020, the Plaintiff filed an Amended Class Action Complaint. (ECF No. 7). Within its original complaint – further clarified in its Amended Complaint - the Plaintiff, All X-Ray Diagnostic Services, Corp. (hereinafter "All-X-Ray") seeks

<u>only</u> declaratory and injunctive relief with no claim for damages or supplemental relief. On December 10, 2020, the Plaintiff filed a Motion for Remand for lack of subject matter jurisdiction in this matter, (ECF No. 11), to which the Defendant filed a Memorandum in Opposition (ECF No. 19) and the Plaintiff filed a reply (ECF No. 21). On January 26, 2021 the Defendant filed its Amended Motion and Supporting Memorandum to Dismiss Plaintiff's Amended Complaint. (ECF No. 20).

**SUMMARY**

Within its Amended Motion to Dismiss, the Defendant has alleged that the Plaintiff's amended complaint fails to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure and for a lack of standing[1]. (ECF No. 20, p.2). The Defendant has argued that the amended complaint for declaratory relief improperly seeks an advisory opinion and that the "relief sought is still PIP benefits/monetary damages". (ECF. No. 20 p.4-5). The Defendant's allegation that the Plaintiff's complaint for declaratory and injunctive relief is "a disguised breach of contract" is incorrect and shows a fundamental misunderstanding of how a claim for personal injury protection benefits is required to proceed in accordance with Florida Statute Sec. 627.736.

Florida Statute Sec. 627.736(5)(a) governs the manner in which the Defendant was required to reimburse the no-fault claims. The statute mandates that the payment amount "may not be less than the allowable amount under the applicable schedule of Medicare Part B for 2007 for medical services, supplies, and care subject to Medicare Part B." Simply put, this class action concerns the interpretation of the word "applicable" as changed from the previous versions of the

---

[1] The Plaintiff agrees with the Defendant that it lacks Article III standing to maintain this action in the Federal Court system and has filed a Motion for Remand based upon the same which is pending in this court.

2

statute which used the phrase "participating physicians".  It is the Plaintiff's position that correct interpretation of the word "applicable" as used in Sec. 627.736(5)(a) requires the Defendant to utilize the highest applicable 2007 Medicare Part B payment schedule to determine the approved amount for the CPT codes billed.  The Defendant has disputed this interpretation and has continued to utilize the Medicare Part B participating physicians fee schedule to approve the CPT codes. (ECF no. 7, ¶43-45).

Recently, further placing the Plaintiff in doubt as to what fee schedule is required to be utilized pursuant to Sec. 627.736(5)(a)(2), Florida Statute, the Defendant has been issuing payment to All X-Ray in excess of the 2007 Medicare Part B participating physician's fee schedule.  *See Exhibit 1 attached hereto.*  In response to the Plaintiff's Sec. 627.736(10) demand letter, Geico entity issued payment in excess of the 2007 Medicare Part B participating physician's fee schedule while alleging that the demand letter sent was "deficient" and failed to satisfy the condition precedent to filing suit under Sec. 627.736(10).  Geico's response shows that (1) even Geico is in in doubt as to which Medicare Part B schedule it is required to utilize pursuant to Sec. 627.736(5)(a)(2); (2) the word "applicable" requires judicial interpretation; and (3) that the Plaintiff is in need of the court's interpretation of the word "applicable" to satisfy the demand letter requirements set forth in Sec. 627.736(10).

Accordingly, the Plaintiff and the class members are in doubt about the proper interpretation of Sec. 627.736(5)(a)(2), Florida Statute (*2012-2019*) and therefore are uncertain about its rights and obligations and those of class members under the statute and the policy and has requested the Court to interpret the statute and declare their rights and obligations under the policy.

## ARGUMENT

The purpose of a motion to dismiss is to "test the legal sufficiency of the complaint, not to determine the factual issues." *Minor v. Brunetti,* 43 So.3d 178 (Fla. 3d DCA 2011). In considering a motion to dismiss, a trial court is confined to the four corners of the complaint which must be taken as true and any reasonable inferences drawn from the complaint must be construed in favor of the non-moving party. *Chodorow v. Porto Vita, Ltd.,* 954 So.2d 1240 (Fla. 3d DCA 2007); *Minor v. Brunetti*, 43 So.3d 178 (Fla. 3d DCA 2011). The sole inquiry is whether Plaintiff's Complaint states a legally sufficient cause of action*. Id.* The focus in a motion to dismiss a declaratory action is limited solely to "whether the plaintiff is entitled to a declaration of rights, not whether the plaintiff will prevail in obtaining the decree he seeks." *Smith v. City of Fort Meyers,* 898 So.2d 1177 (Fla. 2d DCA 2005) (citing *Bell v. Associated Independents, Inc.,* 143 So.2d 904 (Fla. 2d DCA 1962)).

A party seeking declaratory relief must show:

(a) a bona fide, actual, present practical need for the declaration;

(b) that the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts;

(c) that some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts;

(d) that there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonist interest in the subject matter, either in fact or law;

(e) that the antagonistic and adverse interest[s] are all before the court by proper process or class representation and that the relief sought is not merely giving of legal advice by the courts or the answer to questions propounded from curiosity.

All X-Ray has stated a legally sufficient claim for declaratory relief within the Complaint

4

seeking a "declaratory judgment under Count I declaring the parties' respective rights and obligations under Florida Statute Sec. 627.736(5)(a)(2) and the Defendant's policy including, but not limited to, a determination of the Medicare Part B payment schedule(s) that the Defendant is required to utilize when determining an approved amount." (ECF. 7 ¶ 9).

### I.  Declaratory and/or Injunctive Relief is Appropriate in this case as the word "applicable" as used in §627.736(5)(a)(2) and the Policy is Ambiguous.

The Defendant has incorrectly argued that the Plaintiff's complaint must be dismissed alleging that the Plaintiff is seeking an advisory opinion and that a breach of contract claim is available to the Plaintiff that will adequately vindicate Plaintiff's rights to recover the alleged unpaid PIP damages at issue in the case. Contrary to the Defendant's assertion that the Plaintiff is seeking the Court to determine that the Defendant "did something wrong", the question presented by the Plaintiff's within its amended complaint is strictly focused on the interpretation of the ambiguous phrase "applicable schedule of Medicare Part B for 2007" as used in Sec. 627.736(5)(a)(2), Florida Statute (2012-2019) and the Defendant's policy. (ECF No. 20 p. 3). The question regarding the "correct" allowable amount under the schedule of Medicare Part B for 2007 is one that **precedes** the question of whether or not there was a breach of contract. The replacement of the words "participating physician" with the word "applicable" within Florida Statute §627.736(5)(a)(2) and within the Defendant's policy has resulted in an ambiguity as to which Medicare Part B schedule must be used by the Defendant in personal injury protection claims. This ambiguity within the statute and the policy is what the Plaintiff is asking the Court to address within its amended complaint.

None of the cases cited by the Defendant within its motion support dismissal of this case. The cases cited to by the Defendant stand for the proposition that "[d]eclaratory relief is not

available where the issue is whether an unambiguous contract has been breached." *Central Magnetic Imaging Open MRI of Plantation, Ltd. v. State Farm Mut. Aut. Ins. Co.*, 789 F. Supp. 2d 1311, 1317 (S.D. Fla. 2011)(quoting *MRI Assocs. of St. Pete, Inc. v. State Farm Mut. Auto. Ins. Co.*, 755 F. Supp.2d 1205, 1210 (M.D. Fla. 2010). These cases are not on point with this case. The Plaintiff has alleged within its amended complaint, that the statute and the policy are ambiguous leaving the Plaintiff and class members in doubt as to their rights and has requested that this Court declare the parties' respective rights and obligations under Florida Statute Sec. 627.736(5)(a)(2) and the Defendant's policy including, but not limited to, a determination of the Medicare Part B payment schedule(s) that the Defendant is required to utilize when determining an approved amount. (ECF. No. 7 ¶ 9).

In the event the Court enters declaratory judgment in favor of the Defendant, ruling that the word "applicable" within §627.736(5)(a)(2) continues to require the Defendant to utilize solely the participating physicians schedule, the Plaintiff and members of class would have no right to additional benefits and no breach of contract action could be pursued. In the event the Court entered declaratory judgment in favor of the Plaintiff, ruling that the word "applicable" within §627.736(5)(a)(2) required the Defendant to consider all three Medicare schedules – participating, limiting, and OPPS – and issue payment in accordance with the highest schedule, the Plaintiff and members of the class would have the right to additional benefits. However, the Defendant's allegation that the Plaintiff and the class members would then be <u>required</u> to send a demand letter and bring a breach of contract action to recover those benefits is wrong.

In the event the Court enters declaratory judgment in favor of the Plaintiff, ruling that the word "applicable" within §627.736(5)(a)(2) requires the Defendant to consider all three Medicare schedules – participating, limiting, and OPPS – and issue payment in accordance with the highest

schedule, the Defendant would then have an obligation under the law to issue payment for all valid claims for personal injury protection benefits it has received **with no additional action** from the Plaintiff or class members.  In fact, the Defendant's allegation that the Plaintiff and class members should be required to send demand letters in accordance with subsection (10) to receive payment for a valid claim at the statutorily mandated rate is a per se violation of §627.736(11)(a)(2) and could be considered an unfair or deceptive business practice[2]. (ECF. 20 p. 16-17).

Both Florida Statute §86.031[3] and Rule 57[4] of the Federal Rules of Civil Procedure permit this action for declaratory and/or injunctive relief.  Florida's Supreme Court has expressly stated that Florida's declaratory judgment statutes "are applicable to declaratory judgment actions regarding insurance coverage." *Higgins v. State Farm Fire and Cas. Co.*, 894 So. 2d 5 (Fla. 2004)("We conclude that it is illogical and unfair to not allow insureds and insurers to have a determination as to whether coverage exists on the basis of the facts underlying a claim against an insurance policy.")  Moreover, District Courts have rejected the Defendant's argument that counts

---

[2] Florida Statute §627.736(11)(a) states as follows:

> (11) FAILURE TO PAY VALID CLAIMS; UNFAIR OR DECEPTIVE PRACTICE.—
> (a)  An insurer is engaging in a prohibited unfair or deceptive practice that is subject to the penalties provided in s. 626.9521 and the office has the powers and duties specified in ss. 626.9561-626.9601 if the insurer, with such frequency so as to indicate a general business practice:
>
> 1. Fails to pay valid claims for personal injury protection; or
> 2. **Fails to pay valid claims <u>until</u> receipt of the notice required by subsection (10).**

[3] Florida Statute §86.031 states that "A contract may be construed either before or after there has been a breach of it."
[4] Rule 57 of the Federal Rules of Civil Procedure states "The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate."

for declaratory and injunctive relief should be dismissed because the Plaintiff allegedly has an adequate remedy at law. *Plantation Spinal Care Center, Inc. v. Direct General Ins. Co.*, No. 17-CV-61990 (S.D. Fla. April 3, 2018); citing *DWF Mgmt., LLC v. Star Indem. & Liab. Co.,* No. 16-CV61238-KMM, 2016 WL 6611115, at *2 (S.D. Fla. Nov. 9, 2016)(quoting *Johnson v. Geico Gen. Ins. Co.*, No. 08-cv-80740, 2008 WL 4793616, *3 (S.D. Fla. Nov. 3, 2008); see also *Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D.Fla. 1999); *Botting v. Goldstein*, 15-CV-62113, 2015 WL 10324134, at *3 (S.D. Fla. Dec. 21, 2015).

  **II.**  **The Defendant correctly argues that the Plaintiff lacks Article III standing, however the remedy for lack of standing is remand and not dismissal.**

  The Defendant's next alleged ground for dismissal alleges that the Plaintiff lacks Article III standing to maintain this action in the district court.  The Plaintiff agrees with the Defendant that it lacks Article III standing, however the proper remedy for a lack of standing is remand and not dismissal.  "[O]nce a case has been removed from state court, '[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.'" *Coccaro v. Geico Gen. Ins. Co.*, 648 Fed. Appx. 876, 881 (11th Cir. 2016)(quoting *Int'l Primate Prot. League v. Adm'rs of Tulan Educ. Fund*, 500 U.S. 72, 89 (1991) ("[T]he literal words of §1447(c) … give …no discretion to dismiss rather than remand an action [that has been removed from state court.]"(quotations omitted)).

  **III.**  **Claim splitting does not Apply to this case or Justify Dismissal.**

  Claims splitting occurs when a litigant maintains "two separate actions involving the same subject matter, at the same time, in the same court, against the same defendant." *Rumbough v. Comenity Capital Bank*, 748 Fed. Appx. 253, 255 (11th Cir. 2018)(citing *Vanover v. NCO Fin. Servs.*, 857 F.3d 833, 840-842 (11th Cir. 2017).  The rule against splitting causes of action is "an

8

aspect of the doctrine of res judicata" which requires in pertinent part the identity of the persons and parties to the actions and separate cases arising from the same transaction or series of transactions. *Vanover*, at 841-842; see also *Tyson v. Viacom, Inc.*, 890 So.2d 1205, 1210-1211 (4th DCA 2005). If a litigant attempts to split a cause of action and files separate suits, re judicata bars a second suit. *Tyson*, at 1211. If res judicata would not preclude the second suit, then claims splitting does not apply. *Id.*

As an aspect of res judicata, the rule on claims splitting requires that all claims for damages be brought in the same suit. *Tyson*, 890 So. 2d 1205, 1210-11. The Defendant's reliance on Florida Statute Sec. 627.736(15) is misplaced, as section 15 only applies to claims "to recover personal injury protection benefits". As discussed above, this action does not seek to recover personal injury protection benefits. Section 627.736(15) clearly intends to prevent a circumstance where a provider submits five sets of medical bills and then proceeds to send five different demands and files five separate lawsuits for payment of the five sets of bills in a single claim. Moreover, even if the Court were to find a violation of section 15 the remedy would not be dismissal, it would be to deny attorney's fees to the claimant for the prosecution of the second action.[5]

The Defendant relies upon the case of *Florida Farm Bureau Gen. Ins. Co. v. Peacock's Excavating Serv., Inc.*, 186 So.3d 6 (Fla. 2d DCA 2015) in support of its argument that this matter should be dismissed. However, the holding in the *Peacock's* has zero application to this case. In that case, the Court dismissed the appeal filed by Florida Farm of a Partial Final Judgment ruling it was not an appealable final order. *Peacock's*, at *9. In that case, both parties filed a declaratory action seeking to resolve both the duty to defend and the duty to indemnify. *Id.* The trial court

---

[5] §627.736(15) "If the court determines that a civil action is filed for a claim that should have been brought in a prior civil action, the court may not award attorney's fees to the claimant."

granted Partial Final Judgment on the issue of Florida Farm's duty to defend but made no mention of the duty to indemnify. *Id.* at *8. In dismissing the appeal, the Court stated that it was "[f]aced with a partial adjudication of a singularly pleaded declaratory relief action, there is still judicial labor left to be completed before we can undertake an appellate review." *Id.* at *11. The ruling in Peacock on its face, has no application to this case.

Lastly, in *Cooper v. Federal Reserve Bank of Richmond,* 467 U.S. 867, 104 S.Ct. 2794, 81 L.Ed.2d 718 (1984), the Supreme Court held that the plaintiffs' Title VII damages suit against their employer was not barred by the res judicata effect of a previous Title VII class action-even though the plaintiffs had been class members and witnesses in the previous action and thus could have brought their damages claim in that case.

**IV.    A Demand Letter is not required for an action seeking Declaratory Relief.**

The Defendant's argument that the Plaintiff's Count I for declaratory relief must be dismissed based upon the Plaintiff's failure to send the Defendant a demand letter pursuant to Florida Statute §627.736(10) fails for multiple reasons. First, the Plaintiff's Count for declaratory relief does not seek damages or supplemental relief and is not an action for benefits. Therefore, a demand letter is not required in accordance with the plain black letter of the law which states as follows:

> 10)   DEMAND LETTER.—
>
> (a)   As a condition precedent to filing **any action for benefits** under this section, written notice of an intent to initiate litigation must be provided to the insurer. . .

As the relief sought in the amended complaint is a declaratory judgment, pre-suit notice is not required in Florida. *See Bristol West Ins. Co. v. MD Readers, Inc.*, 52 So.3d 48 (Fla. 4th DCA 2010); *See also AA Suncoast Chiropractic Clinic, P.A. v. Progressive America Ins. Co.*, 2016 WL

740719 (M.D. Fla. February 25, 2016); *A & M Gerber Chiropractic, LLC. V. Geico Gen. Ins. Co.*, No. 16-CV-62610, 2017 WL 850177, at *2 (S.D. Fla. March 3, 2017)(statutory notice pursuant to sec. 627.736(10) not required in action for declaratory relief.); *Plantation Spinal Care Center, Inc. v. Direct General Ins. Co.*, No. 17-CV-61990-WPD (S.D. Fla. April 3, 2018)(Denying Defendant's Motion to Dismiss finding that pre-suit notice is not required in an action for declaratory relief).

Next, the Defendant's request that the suit be dismissed because the amended complaint allegedly seeks to obtain additional PIP benefits thus requiring a demand letter is false. The Plaintiff is seeking the interpretation of the following phrase "allowable amount under the applicable schedule of Medicare Part B 2007" as used in Florida Statute §627.736(5)(a)(2) (2012-2019). The Plaintiff and the class members are in need of the court's interpretation of this phrase to determine whether the Plaintiff and class members are entitled to make a claim for additional benefits. If the court determines that the statute requires the insurer Defendant to utilize either the limiting charge or OPPS payment schedule, this would permit class members to seek additional benefits on claims already made and to be paid additional amounts on bills submitted from that point moving forward.

If the Defendant failed to issue the additional payments due and owing on valid claims, the providers would then have the ability to file **individual suits** for damages in claims that additional funds may be due and owing after complying with all pre-suit requirements.

The general rule is that a class action suit seeking only declaratory and injunctive relief does **not bar subsequent individual damage claims** by class members, even if based on the same events. *Hiser v.* Franklin, 94 F.3d 1287 (9th Cir. 1996). In fact, "every federal court of appeals that has considered the question has held that a class action seeking only declaratory or injunctive relief does not bar subsequent individual suits for damages." *In re Jackson Lockdown/MCO*

11

*Cases,* 568 F.Supp. 869, 892 (E.D.Mich.1983); *see, e.g., Fortner v. Thomas,* 983 F.2d 1024, 1030–32 (11th Cir.1993) ("It is clear that a prisoner's claim for monetary damages or other particularized relief is not barred if the class representative sought only declaratory and injunctive relief, even if the prisoner is a member of a pending class action."); Wright, Miller, & Cooper, *Federal Practice and Procedure: Jurisdiction* § 4455 (1981 and 1995 Supp.) (collecting cases)(see also *fabricant v. Sears Roebuck*, 2020 F.R.D. 310, 319 (S.D. Fla. 2001)(a "prior action that sought only declaratory and injunctive relief does not bar a later claim for damages even though the damages were matured at the time of the declaratory action.").

The Plaintiff is well aware of the rulings of this Court and others finding a claim for breach of contract in the context of personal injury protection inappropriate for class action treatment as a matter of law due, in part, to the individualized nature of the pre-suit demand letter requirement. *See Progressive Health Services, Inc. v. Security National Ins. Co.*, 22 Fla. L. Weekly Supp. 816a (Fla. 11th Cir. Ct. September 17, 2013). For this reason, the Plaintiff maintains that it seeks only declaratory and/or injunctive relief in this action and if successful pursuant to the law, the class members may each pursue, if necessary, individual claims for damages.

Lastly, **not one** of the cases cited to by the Defendant within its Motion holds that a demand letter is required for the filing of an action for declaratory relief. The holdings in the cases cited by the Defendant address such issues as class certification and the fact that many of the actions brought alleged both a declaration of rights and a breach of contract thus requiring a demand letter prior to filing suit. *Ocean Harbor Casualty Ins. V. MSPA Claims*, 261 So.3d 637 (Fla. 3d DCA 2018)(reversing class certification in breach of contract case as it would result into a series of mini trials); *DWFII Corp. v. State Farm Mut. Auto. Ins. Co.*, 271 F.R.D. 676 (S.D. Fla. 2010)(Denying class certification of breach of contract case for failure to satisfy all four prerequisites of Rule

23(a)); *South Florida Wellness, Inc. v. Allstate Ins.Co.*, 745 F.3d 1312 (S.D. Fla. 2014)(reversing the remand of case to state court for failure to satisfy jurisdictional amount, holding that the value of the declaratory action for the purpose of CAFA only is "the monetary value of the benefit that would flow to the plaintiff if the [relief he is seeking] were granted").

## CONCLUSION

Article III standing does not exist to support federal subject matter jurisdiction in this case. In accordance with 28 U.S.C. §1447(c) and binding authority this case should be remanded because the Court lacks subject matter jurisdiction. In the event this Court finds Article III standing, the Defendant's Motion to Dismiss should be denied for all the reasons stated herein.

**WHEREFORE**, the Plaintiff hereby respectfully requests that this Court DENY the Defendant's Motion to Dismiss.

Dated:  February 19, 2021

**THE COYLE LAW FIRM, P.A.**
407 Lincoln Rd., Ste 8-E
Miami Beach, FL 33139
P:  305-604-0077
F:  305-602-9616
MCoyle@thecoylelawfirm.com
Service@thecoylelawfirm.com

By:  S/ Melisa Coyle_____
Melisa Coyle, Esq.
FBN: 791741


**BUCHALTER, HOFFMAN & DORCHAK LAW FIRM**
1075 NE 125th St Suite 202
North Miami, FL 33161
P:  305-891-0211
F:  305-891-2073
**kdorchak@bhdlawfirm.com**

By: <u>S/ Kenneth Dorchak</u><br>
Kenneth Dorchak, Esq.<br>
FBN: 912689

## CERTIFICATE OF SERVICE

I certify that on February 19, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide notice and a copy of this document to the counsel of record in this case.

<u>/s/ Melisa Coyle</u><br>
Melisa Coyle, Esq.