**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case No.: 1:20-cv-24500-GAYLES / TORRES

ALL X-RAY DIAGNOSTIC SERVICES,
CORP., as assignee, on behalf of itself and all
others similarly situated,

    Plaintiff,

v.

GEICO INDEMNITY COMPANY,

    Defendant.

_____/

**DEFENDANT GEICO INDEMNITY COMPANY'S REPLY IN SUPPORT OF
AMENDED MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

Defendant, GEICO Indemnity Company ("GEICO Indemnity"), respectfully submits this Reply to Plaintiff's Response in Opposition to Defendant's Amended Motion to Dismiss Plaintiff's Amended Complaint (the "Opposition") (Dkt. 24).

**SUMMARY**

Plaintiff's Opposition misses the mark. Plaintiff focuses more on avoiding the Court's jurisdiction than addressing the actual grounds for dismissal set forth in GEICO Indemnity's Amended Motion to Dismiss Plaintiff's Amended Complaint (the "Motion to Dismiss"). But GEICO Indemnity does not "agree" that this Court lacks jurisdiction. Plaintiff has standing, and this Court has jurisdiction over this case, for the reasons set forth in GEICO Indemnity's Memorandum in Opposition to Plaintiff's Motion to Remand (Dkt. 19) (the "Remand Opposition").

Moreover, the Motion to Dismiss does not make arguments to which Plaintiff purportedly responds in the Opposition. GEICO is not seeking dismissal of Plaintiff's declaratory relief claim

(Count I) for lack of standing.[1] Rather, this claim should be dismissed because Plaintiff is merely seeking an advisory opinion and therefore fails to state a claim upon which relief can be granted. Nor is GEICO Indemnity seeking dismissal of the declaratory relief claim because an adequate remedy at law exists.

GEICO is further not seeking dismissal of Plaintiff's injunctive relief claim for the reasons stated in the Opposition. Rather, this claim should be dismissed because Plaintiff fails to show a substantial likelihood of future harm and Plaintiff has an adequate legal remedy.[2]

Plaintiff also argues that it is not attempting to violate the prohibition against claims splitting in Section 627.736, Fla. Stat. (the "PIP Statute"). However, all issues (and defenses) regarding the handling of PIP charges, bills and claims are required to be considered for each PIP claim in a single action pursuant to the PIP Statute. Plaintiff's attempted piecemeal approach is exactly what Florida law seeks to avoid in barring the use of one section, while avoiding another, in the PIP Statute.

Finally, it is clear that the true nature of the relief that Plaintiff is seeking is additional PIP coverage/benefits. This case – and the artful way that Plaintiff has now attempted to plead its claims to disclaim monetary or supplemental relief – involve the exact type of scenario where the

---

[1] GEICO Indemnity pointed out in its Remand Opposition that Plaintiff is incorrect that GEICO Indemnity has agreed that Plaintiff lacks Article III standing to maintain "this cause of action." *See* Remand Opposition, p. 1, n. 1.  However, Plaintiff continues to mischaracterize the arguments set forth in the Motion to Dismiss.  GEICO Indemnity asserted in its Motion to Dismiss that Plaintiff lacks standing to pursue its purported injunctive relief claim.  *See* Dkt. 20, pp. 10-13. Plaintiff's argument attempts to conflate GEICO Indemnity's arguments and ignores that the Amended Complaints also attempt to state a declaratory relief claim.  GEICO Indemnity sought dismissal of the purported declaratory relief claim on other grounds.  *See generally* the Motion to Dismiss.

[2] As noted below, the Opposition fails to address or even remotely attempt to rebut any of the authorities or arguments that GEICO Indemnity asserted in the Motion to Dismiss regarding Plaintiff's failure to sufficiently pled, or otherwise show, a real and immediate threat of future injury in this case.

Eleventh Circuit Court of Appeals (and other District Courts in Florida) have cautioned that a "declaration that money is owed is a Trojan horse with money damages inside."[3] Plaintiff cannot simply avoid the pre-suit demand requirement by merely placing equitable labels on its claims when Plaintiff truly seeks money damages in the form of PIP coverage/benefits.

## ARGUMENT

Despite Plaintiff's "clarification" that it disclaims any entitlement to PIP coverage/benefits (money damages) or supplemental relief, Plaintiff's Amended Complaint still makes *27* references to PIP benefits *or* coverage (as opposed to 29 references in the Original Complaint) and continues to rely on an Assignment of Benefits[4] to assert this case. *See* Motion to Dismiss, p. 7 (citing Dkt. 7, ¶¶ 2-3, 17, 18, 22, 31, 40).

Accordingly, there can be no real dispute or doubt that this case is indeed about the payment of allegedly owed PIP coverage/benefits despite Plaintiff's attempt to avoid expressly asserting a breach of contract claim in the Amended Complaint, and further "clarifying" that this action does not seek monetary relief or damages. *See, e.g.,* Dkt. 7; Motion to Dismiss.

### I.     Plaintiff Fails to State a Claim for Declaratory Relief.

The Opposition argues that GEICO Indemnity's Motion to Dismiss purportedly "alleges that Plaintiff lacks Article III standing to maintain this action in the district court." Opposition, p. 8. Plaintiff further asserts that it "agrees with the Defendant that it lacks Article III standing, however the proper remedy for a lack of standing is remand and not dismissal." *Id.*

---

[3] *See, e.g., S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317–18 n. 3 (11th Cir. 2014); *Revival Chiropractic, LLC v. Allstate Ins. Co.*, No. 6:19-cv-445-Orl-40LRH, 2020 WL 6276023 (M.D. Fla. Sept. 30, 2020).

[4] GEICO Indemnity reserves its rights to dispute the validity of the purported Assignment of Benefits and whether it provides Plaintiff with standing to assert the relief sought in the Complaint.

However, GEICO Indemnity has not requested dismissal of the attempted declaratory relief claim for lack of standing.[5] GEICO Indemnity seeks dismissal of the purported declaratory relief claim because it seeks an advisory opinion, asking the Court to declare that GEICO Indemnity has "done something wrong" in how GEICO Indemnity has previously adjusted and paid PIP claims.

Plaintiff ignores that distinction and again attempts to conflate the arguments and purported claims by generally asserting that GEICO Indemnity agrees that Plaintiff lacks Article III standing to maintain "this action." Opposition, p. 2, n. 1. This statement is incorrect and is specifically contradicted by the pleadings in this case.

Rather, GEICO Indemnity seeks dismissal of Plaintiff's purported declaratory relief claim because Plaintiff has failed to state a claim upon which relief can be granted. The Amended Complaint makes it clear that Plaintiff purports to disclaim any monetary relief for itself or members of the Proposed Class, because "[t]his action does not assert a claim for any monetary relief." *Id.* at ¶ 1. Plaintiff therefore merely asks this Court to issue a finding that GEICO violated Section 627.736(5)(a)(2), Florida Statutes (2012-2019).

This type of requested declaratory relief shows that Plaintiff is seeking an improper advisory opinion. Federal courts cannot issue advisory opinions pursuant to the Federal Declaratory Judgment

---

[5] GEICO Indemnity seeks dismissal of the injunctive relief claim because Plaintiff fails to show a substantial likelihood of future harm as set forth below. GEICO Indemnity pointed out in its Remand Opposition that Plaintiff is incorrect that GEICO Indemnity has "agreed" that Plaintiff lacks Article III standing to maintain "this action." *See* Remand Opposition, p. 1, n. 1. However, Plaintiff continues to mischaracterize the arguments set forth in the Motion to Dismiss. GEICO Indemnity asserted in its Motion that Plaintiff lacks standing to pursue its purported injunctive relief claim. *See* Dkt. 20, pp. 10-13. Plaintiff's argument attempts to conflate GEICO Indemnity's arguments for dismissal and ignores that the Amended Complaint also attempts to state a declaratory relief claim.

Act.[6] *See Glen v. Club Mediterranean, S.A.*, 365 F. Supp. 2d 1263, 1272-73 (S.D. Fla. 2005) (citing *Church v. City of Huntsville*, 30 F.3d 1332, 1335 (11th Cir. 1994) (holding that "[w]hile the Declaratory Judgment Act confers upon a court the power to 'declare the rights and other legal remedies of any interested party seeking such declaration, whether or not further relief is or could be sought, 28 U.S.C. § 2201, it does not authorize this Court to issue an advisory opinion regarding a defendant's alleged violation of a federal statute.'")); *see also Patel v. Catamaran Health Solutions, LLC*, No. 15-cv-61891-BLOOM/Valle, 2016 WL 5942475, at *6 (S.D. Fla. Jan. 14, 2016) (quoting *Santa Rosa County v. Admin. Comm'n, Div. of Admin. Hearings*, 661 So. 2d 1190, 1193 (Fla. 1995) (per curiam)) (finding that "Florida courts will not render, in the form of a declaratory judgment, what amounts to an advisory opinion at the instance of parties who show merely the possibility of legal injury on the basis of a hypothetical state of facts which have not arisen and are only contingent, uncertain, and rest in the future.").

Accordingly, to the extent that Plaintiff merely seeks an order from the Court finding that GEICO Indemnity violated § 627.736(5)(a)(2), Fla. Stat. (2012-2019), by failing to properly adjust PIP claims, it seeks an improper advisory opinion. Plaintiff's declaratory relief claim therefore fails.[7]

---

[6] Because the matter is now in federal court, Plaintiff's claim is construed as a claim for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See, e.g.*, *Gotthoffer v. Hartford Ins. Co. of the Midwest*, No. 20-cv-80454-MIDDLEBROOKS, 2020 WL 6326152 at *1–2 (S.D. Fla. Mar. 31, 2020) (finding that on a motion to dismiss a claim for declaratory judgment that was removed to federal court on the basis of diversity jurisdiction, the Court "construe[s] it as Plaintiff brings it under the Federal Declaratory Judgment Act because federal courts apply federal law to procedural matters," and ultimately dismissing the declaratory judgment claim).

[7] Plaintiff's Opposition further attempts to bolster the alleged declaratory relief claim by improperly relying on a pre-suit demand response that GEICO Indemnity issued <u>after</u> this lawsuit was filed that does not relate to the healthcare services purportedly provided to Mr. Luis Pino (the "Insured") or GEICO Indemnity's payment calculation of PIP benefits for those services at issue in this case. *See* Opposition, Exh. 1. A demand response issued on an unrelated PIP insurance claim is not relevant to the claim at issue in this case. Nor should it be considered on the disposition of the Motion to Dismiss, other than to highlight that Plaintiff appears to concede that the pre-suit

### II.     Plaintiff Fails to State a Claim for Injunctive Relief.

The Opposition argues that "District Courts have rejected the Defendant's argument that counts for declaratory and injunctive relief should be dismissed because the Plaintiff allegedly has an adequate remedy at law." Opposition, pp. 7- 8. Plaintiff spends a majority of its time on this argument in the Opposition relying on Federal Rule of Civil Procedure 57 and Section 86.0313, Fla. Stat.,[8] to support its declaratory judgment claim and rebut the argument that it may seek a declaration even when there is an adequate remedy at law. This argument again misses the mark.

GEICO Indemnity has <u>not</u> requested dismissal of the purported declaratory relief claim because Plaintiff has an adequate remedy of law. Rather, Plaintiff's purported injunctive relief claim fails because, among other things, an adequate legal remedy exists. A breach of contract claim is available to Plaintiff and could adequately vindicate Plaintiff's claimed right to recover the alleged unpaid PIP benefits (money damages) at issue. The Motion to Dismiss shows that the injunctive relief claim should be dismissed on this basis. *See* Motion to Dismiss, pp. 14- 17.[9]

---

demand requirements of Section 627.736, Fla. Stat., apply to this issue. And to emphasize that Plaintiff was the healthcare provider that submitted the pre-suit demand at issue in the Response attached as Exhibit 1 to the Opposition, which requested monetary damages in the form of additional PIP coverage/benefits. An adequate remedy at law therefore exists for Plaintiff (and members of the Proposed Class) as demonstrated by Plaintiff's own submission of a pre-suit demand on this issue.

[8] Because the matter is now in federal court, Plaintiff's claim is construed as a claim for declaratory relief under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201. *See supra,* n. 6.

[9]  Moreover, the cases cited by Plaintiff in the Opposition are inapposite. Plaintiff mistakenly cites to both *DWF Mgmt., LLC v. Star Indem. & Liab, Co.* and *Adelphia Cable Partners, Inc. v. E & A Beepers Corp.* to support that a court should allow an injunctive relief claim to survive dismissal even when an adequate remedy at law exists. *See* Dkt. 24, p. 8. However, only claims for declaratory relief were at issue in these two cases cited by Plaintiff, and neither case involved a claim for injunctive relief. *See DWF Mgmt., LLC v. Star Indem. & Liab. Co.*, No. 16-CV61238-KMM, 2016 WL 6611115, at *2 (S.D. Fla. Nov. 9, 2016); *Adelphia Cable Partners, Inc. v. E & A Beepers Corp.*, 188 F.R.D. 662, 666 (S.D.Fla. 1999). Plaintiff also misguidedly cites to *Johnson v. GEICO Gen. Ins. Co*. *See* Dkt. 24, p. 8. While the court in *Johnson* did allow an injunctive

GEICO is further seeking dismissal of the purported injunctive relief claim because Plaintiff fails to show a substantial likelihood of future harm. Count II seeks injunctive relief requiring GEICO Indemnity to cease and desist from "*continuing* to violate Florida Statute Sec. 627.736(5)(a)(2) by unlawfully reducing payment of valid bills for medical and diagnostic services." Dkt. 7, at ¶ 56 (emphasis added). However, as the purported assignee of the Insured, Plaintiff's purported injunctive relief claim arises from the manner in which GEICO Indemnity has <u>already</u> adjusted and paid the PIP claim at issue for <u>past</u> medical services provided to the Insured. *See* Dkt. 7, at ¶¶ 12, 14, 17. Accordingly, the conduct at issue is all <u>past conduct</u>.

A litigant seeking injunctive relief must sufficiently allege and ultimately prove a real and immediate threat of future injury. And the Eleventh Circuit is clear that the proper inquiry is whether there is a sufficient and substantial likelihood of future injury to the *Insured*, as the Plaintiff's assignor, and not to the Plaintiff itself nor other members of a proposed class. *See AA Suncoast Chiro. Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F. 3d 1170, 1175 (11th Cir. 2019).

The Eleventh Circuit has recently further reemphasized that the proper inquiry is whether there is a sufficient and substantial likelihood of future injury to the *Insured* (as the Plaintiff's assignor) – not the potential future injury to Plaintiff or members of the Proposed Class. *See A&M Gerber Chiropractic, LLC v. GEICO General Insurance Co.*, 925 F.3d 1205, 1211 (11th Cir. 2019) (holding that "[i]n this case, [the assignee plaintiff-provider], stands in [the assignor insured's] shoes. It necessarily follows, then, that if [the assignor insured] had no standing to file this case against GEICO, [the assignee plaintiff-provider] has no standing either"). The Eleventh Circuit

---

relief claim to survive dismissal, the defendant in *Johnson* did not argue that an adequate remedy at law existed and the court therefore did not consider this in its analysis. *See Johnson v. Geico Gen. Ins. Co.*, No. 08-cv-80740, 2008 WL 4793616, *3 (S.D. Fla. Nov. 3, 2008).

7

held that if the Insured (assignor) does not have the requisite, substantial threat of future injury, then the Plaintiff (assignee) does not either, given that it is acting under a purported assignment of benefits from (and standing in the shoes of) the Insured. *Id.*

Plaintiff has not pled a substantial likelihood of a real and immediate threat of future injury to the Insured. Plaintiff attempts to allege four types of purported "future" irreparable injury under its claim for injunctive relief in the Amended Complaint. All four alleged bases of "future" injury unequivocally miss the mark and fail as shown in the Motion to Dismiss. *See* Dkt. 20, pp. 10-13.

Plaintiff has therefore not sufficiently pled, and cannot otherwise show, a real and immediate threat of future injury in this case. Plaintiff's Opposition fails to address or even remotely attempt to rebut any of the authorities or arguments that GEICO Indemnity asserted in the Motion to Dismiss on this basis for dismissal.

### III. Plaintiff is Improperly Attempting to Split Claims.

Plaintiff also argues that it does not seek to violate the prohibition against claims splitting in the PIP Statute. Plaintiff makes this vague argument despite that it seeks equitable relief confirming whether GEICO properly adjusted PIP claims using the "correct" payment methodology in this case <u>and</u> admits that this issue "precedes the question of whether or not there was a breach of contract." *See* Opposition, pp. 5, 8-9. Plaintiff's Opposition therefore expressly recognizes that its splitting the issues by attempting to pursue equitable relief in this case (while disclaiming the monetary damages it truly seeks in this case), and at the same time acknowledging that a breach of contract action involving the same PIP claim would follow in a future case. *See* Opposition, Exh. 1.

Plaintiff also generally asserts – without any support or basis – that Section 627.736(15), Fla. Stat. (which bars claim splitting) does not apply in this case. Opposition, pp. 8-9 (quoting

8

*Rumbough v. Comenity Capital Bank*, 748 Fed. Appx. 253, 255 (11th Cir. 2018)(citing *Vanover v. NCO Fin. Servs.*, 857 F.3d 833, 840-842 (11th Cir. 2017)).

However, all of the requested relief in the Amended Complaint rises and falls on the proper calculation of PIP coverage/benefits under the PIP Statute. As set forth in the Motion to Dismiss and the Remand Opposition, the true nature of relief requested in this case is PIP coverage/benefits under § 627.736. The Amended Complaint extensively relies on the PIP Statute. Yet, Plaintiff seeks to avoid § 627.736(15) by making a conclusory and unsupported statement that it does not apply.

Florida law requires that all issues (and defenses) regarding the handling of PIP charges, bills and claims are required to be considered for each PIP claim in a single action. Plaintiff's attempted piecemeal approach is exactly what Florida law seeks to avoid in barring the use of one section, while avoiding another, in the PIP Statute.

**IV.     Plaintiff Failed to Provide the Required Pre-Suit Demand.**

Finally, it is clear that the true nature of the relief that Plaintiff is seeking is additional PIP benefits. This case – and the artful way that Plaintiff has now attempted to plead its claims to disclaim monetary or supplemental relief – involve the exact type of scenario where the Eleventh Circuit Court of Appeals (and other District Courts in Florida) have cautioned that a "declaration that money is owed is a Trojan horse with money damages inside."[10] *See also McLawhorn v. GEICO Indemnity Co.*, Case No. 8:17–cv–156–T–33AEP, 2017 WL 1277744, at *3 (M.D. Fla. April 6, 2017) (quoting *South Florida Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1316-17 (11th[th] Cir. 2014)).

---

[10] *See, e.g., S. Fla. Wellness, Inc. v. Allstate Ins. Co.*, 745 F.3d 1312, 1317–18 n. 3 (11th Cir. 2014); *Revival Chiropractic, LLC v. Allstate Ins. Co.*, No. 6:19-cv-445-Orl-40LRH, 2020 WL 6276023 (M.D. Fla. Sept. 30, 2020).

As set forth in the Remand Opposition and the Motion to Dismiss, Plaintiff cannot simply avoid the pre-suit demand requirement by merely placing equitable labels on its claims when Plaintiff is truly seeking money damages in the form of PIP benefits.

## CONCLUSION

GEICO Indemnity respectfully requests that Plaintiff's Amended Complaint be dismissed with prejudice for the reasons set forth above and in GEICO Indemnity's Amended Motion and Supporting Memorandum to Dismiss Plaintiff's Amended Complaint.

Respectfully submitted,

*/s/ Kristen L. Wenger*
John P. Marino (FBN: 814539)
Edward K. Cottrell (FBN: 13579)
Kristen L. Wenger (FBN: 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street, Suite 2600
Jacksonville, Florida 32202
Phone: (904) 598-6100
Facsimile: (904) 598-6204
jmarino@sgrlaw.com
ecottrell@sgrlaw.com
kwenger@sgrlaw.com

*Counsel for Defendant*

## **CERTIFICATE OF SERVICE**

I certify that on March 8, 2021, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will provide notice and a copy of this document to the counsel of record in this case.

*/s/ Kristen L. Wenger*
Attorney